United States Court of Appeals,

Fifth Circuit.

No. 92-3776.

ODECO OIL AND GAS COMPANY, DRILLING DIVISION and Odeco Drilling Services, Inc., Plaintiffs-Appellants,

v.

David J. BONNETTE, et al., Defendants-Appellees.

Oct. 14, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOHNSON, JOLLY, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Odeco Oil & Gas Company and Odeco Drilling Services, Inc. (Odeco) appeal the dismissal of their declaratory judgment action and the lifting of the stay in a limitation of liability proceeding. Upon review, we find that the district court did not abuse its discretion in dismissing the declaratory judgment, but it must reconsider one facet of the lifting of the stay.

I.

On June 2, 1991, Odeco was conducting safety drills on a fixed platform in the Gulf of Mexico off the coast of Louisiana. Five members of the platform's crew, David J. Bonnette, Juan M. Porras, Henry Brumfield, Ottis L. Robbins, and Joel Thompson (the Crew), boarded an escape capsule suspended 90 feet above the Gulf. Someone in the capsule pulled the wrong lever, releasing the capsule from the cable that supported it, and the capsule and its passengers plunged 90 feet into the ocean, severely injuring all of them. Odeco immediately began paying workers' compensation under the Longshore and Harbor Worker's Compensation Act (LHWCA).

Fearing the possibility of multiple vessel negligence claims under section 905(b) of the LHWCA,[1] Odeco filed a declaratory judgment action on January 3, 1992 requesting that the court

---

[1]Such claims are in certain instances permissible against the employer qua vessel, even when the employer has paid workers' compensation under the LHWCA. *See Smith v. M/V Captain Fred,* 546 F.2d 119, 122-23 (5th Cir.1977). We do not, however, decide the difficult questions posed by this case, such as whether the escape pod was a § 905(b) "vessel" or whether there was

determine:

> (1) that the escape capsule is not a vessel under section 905(b) of the LHWCA;

> (2) that the injuries were not caused by vessel negligence;  and

> (3) that any action for damages is barred by section 905(a) of the LHWCA.

Alternatively, Odeco sought to limit its liability to $30,000, the alleged value of the capsule, pursuant to the Limitation of Liability Act, 46 U.S.C.App. § 183 *et seq.*[2]

On January 6, 1992, the district court issued an order staying any further litigation against Odeco arising out of the accident until the determination of the limitation of liability proceeding.  The order further required the injured employees to file all of their claims against Odeco in the limitation proceeding.

Four of the injured men, Brumfield, Bonnette, Thompson, and Robbins, then filed a personal injury suit in Cameron County, Texas on April 29, 1992 naming Shell Offshore, Inc., Shell Oil Company, Whittaker Corporation, and Juan M. Porras as defendants.[3]  Porras, in turn, filed cross-claims against the other defendants.[4]  Porras and the four plaintiffs in the Texas court filed a motion in the federal district court seeking to dismiss Odeco's declaratory judgment action and to lift the stay preventing litigation against Odeco.  The district court granted that motion, dismissing the

---

"vessel negligence".

[2]Both the declaratory judgment action and the limitation proceeding were based on admiralty jurisdiction.  The district court did not examine the basis of its subject matter jurisdiction, but this court must do so when it appears at all questionable.  *See Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir.1985) ("United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction sua sponte if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.").  Despite troubling language in *Sisson v. Ruby,* 497 U.S. 358, 364-65, 110 S.Ct. 2892, 2897, 111 L.Ed.2d 292 (1990) (requiring courts to "focus on the general character of the activity" when determining whether a substantial relationship exists between the activity giving rise to the incident and traditional maritime activity), and *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 255-56, 93 S.Ct. 493, 498, 34 L.Ed.2d 454 (1972) (offering hypothetical situations factually similar to this case that might not satisfy the "significant relationship" test), we think the nature of the man-overboard drill at issue in this case is sufficiently salty to sustain admiralty jurisdiction, at least for purposes of the preliminary matters decided by the district court.

[3]Because of the automatic stay in the limitation proceedings, Odeco was not a named defendant.

[4]This suit was removed to federal district court, where a motion to remand is pending.

declaratory judgment action and lifting the limitation stay to allow the Crew to litigate their claims against Odeco in the forum of their choice before returning to the district court for the limitation of liability proceeding within its exclusive jurisdiction.

## II.

The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* (1988), provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." *Id.* at § 2201. It is well established in this circuit that a court need not provide declaratory judgment relief on request, as this is a matter left to the district court's sound discretion. *See, e.g., Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 28 (5th Cir.1989) (citing cases); *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601 (5th Cir.1983) (same). Although a court may not dismiss an action for declaratory relief "on the basis of whim," *Hollis v. Itawamba County Loans,* 657 F.2d 746, 750 (5th Cir.1981), or without providing a written or oral explanation, *see Rowan,* 876 F.2d at 29-30, the court may consider a variety of factors in determining whether to decide a declaratory judgment suit. *See Torch, Inc. v. LeBlanc,* 947 F.2d 193, 195 (5th Cir.1991); *Rowan,* 876 F.2d at 29.

In this case the district court found that the Texas court provided an adequate forum initially to decide the vessel status of the capsule.[5] The court further found that Odeco's declaratory judgment action was filed for the purpose of forum shopping in anticipation of other suits to be filed by the Crew. Finally, the court found that the Texas forum would not cause undue inconvenience to Odeco, which it does business in Texas, notwithstanding the probability that the Texas court might not apply the same doctrine of *forum non conveniens* as a federal court. Under the circumstances, these findings are not clearly erroneous, and, although this court might have exercised its discretion differently, the district court did not *abuse* its discretion. *See Magnolia Marine Transport v. LaPlace Towing Corp.,* 964 F.2d 1571, 1580-82 (5th Cir.1992).

## III.

---

[5]We agree with Odeco that the legal viability of the crew's § 905(b) claim raises serious and novel issues of maritime law at the threshold to recovery by appellees. While the state court is undoubtedly competent to determine these issues, some of them may not finally be resolved under the parties' stipulation until the federal court considers Odeco's limitation case.

Nearly four decades ago, the Supreme Court recognized two situations in which a limitation of liability proceeding may be stayed to accommodate a claimant's right to pursue common law remedies under the "saving to suitors" clause.[6] *See Lake Tankers Corp. v. Henn,* 354 U.S. 147, 151-53, 77 S.Ct. 1269, 1271-73, 1 L.Ed.2d 1246 (1957). Bradley stated, claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court. *See Magnolia Marine Transport,* 964 F.2d at 1575-76; *In re Two "R" Drilling Co.,* 943 F.2d 576, 577-78 (5th Cir.1991); *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.,* 836 F.2d 750, 755-60 (2d Cir.1988). Accommodating the goals of both the Limitation of Liability Act and the "saving to suitors" clause of 28 U.S.C. § 1333 has caused some tensions. *See Magnolia Marine Transport,* 964 F.2d at 1575 (citing *In re Dammers & Vanderheide,* 836 F.2d at 754).

Odeco contends that this is a multiple claimant-inadequate fund case that requires the limitation proceeding to take precedence over the state court suit. This contention is only partly true. If we assume that each of the crew claimants' damage claims must be aggregated and totted up against the limitation fund, notwithstanding their agreements that, if necessary, they will not enforce judgments against appellants for more than the limitation fund, then the fund is by definition inadequate. If the purpose of the Limitation Act were to acco mplish judicial efficiency as well as limitation of liability, this case would clearly call for concursus proceeding. But the Supreme Court explained in *Lake Tankers,* 354 U.S. at 152-53, 77 S.Ct. at 1272-73 that liability may and should be limited consistent with preserving the claimants' right to proceed in the fora of their choice. So where, as here, all of the claimants are so anxious to take advantage of the perceived magnanimity

---

[6]The "savings to suitors" clause is found in 28 U.S.C. § 1333 (1988) and provides in relevant part:

> The district courts shall have original jurisdiction, exclusive of the courts of the states, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

of South Texas juries that they are willing to stipulate essentially that they will submit to two trials—the state court trial followed by a substantially redundant federal limitation proceeding—this court is hard put to deny them. We must accede to this choice *if* it is accompanied by stipulations fully protecting Odeco's right to limit liability and agreeing to abide by an admiralty court determination of the right to limit. Couched in these terms, Odeco does not confront a multiple claim-inadequate fund lawsuit.[7]

Two other sources of claimants have been mentioned. The wives of the Crew joined in the Texas lawsuit but have not appeared or attempted to file claims in the limitation proceeding. Odeco concedes that case law authorizes those whose claims are derivative of the injured workers to proceed in state court upon proper stipulation without risking a multiple claim-inadequate fund situation. *See Magnolia Marine,* 964 F.2d at 1574, 1579-80; *In re Two "R" Drilling,* 943 F.2d at 577-78. The Crew judicially admitted that their stipulation should have included their spouses' rights, and we amend the stipulation for that purpose.

Of more concern is the allusion to potential claims for contribution or indemnity against Odeco by other defendants sued by the Crew in Texas court. Those companies have not yet appeared in the limitation proceeding; consequently, they are not parties to the stipulation. Because their claims, if preserved and matured, could cause a multiple claimant-inadequate fund situation to arise, we must vacate the district court's stay of the limitation case so that it can consider the implications of codefendant cross-claims.

Apart from the possible codefendant claims, the stipulations agreed to by the parties contain standard terms and adequately protect Odeco's interests. For additional clarification, we note that the Crew, through their lawyers, agreed that the stipulations apply whether their case is litigated in Texas state or federal court. The stipulations also preserve Odeco's right to litigate *all* issues

---

[7]If the claimants' stipulation here covers *all* possible claimants and assures Odeco would never have to pay more than the limitation fund if the admiralty court so determines, this case is instantly distinguishable from *Pershing Auto Rentals v. Gaffney,* 279 F.2d 546 (5th Cir.1960). In that case, written shortly after *Lake Tankers,* only two out of four claimants offered to execute protective stipulations. *See id.* at 548-49. The sum of the multiple claims still far exceeded the limitation fund. *See id.*

pertaining to limitation in the limitation court free of any claims of *res judicata.*

## CONCLUSION

The district court did not abuse its discretion in dismissing Odeco's declaratory judgment action. However, we vacate and remand the stay of the limitation proceeding for the district court to consider the ramifications of contribution or indemnity claims that might be asserted against Odeco by virtue of the pending Texas case.

AFFIRMED in part, VACATED and REMANDED in part.