**In the Matter of the Complaint of GREAT LAKES DREDGE & DOCK COMPANY, as Owner of the VESSEL TARHEEL STATE, for Exoneration From or Limitation of Liability.**

**No. 94–1149–Civ–J–20.**

United States District Court,
M.D. Florida,
Jacksonville Division.

March 13, 1995.

George D. Gabel, Jr. and Joel B. Toomey, Gabel & Hair, Jacksonville, FL, for plaintiff.

Almer W. Beale, II, Toole, Beale & Clarke, P.A., Jacksonville, FL, for claimant.

## ORDER

SNYDER, United States Magistrate Judge.

This cause is before the Court on the Motion to Modify Order Restraining Suits (Doc. # 14; hereinafter Motion), filed on January 9, 1995, by Claimant Thomas J. Stephens. In his Motion, Claimant asks the Court to "lift its stay to allow [him] to pursue his pending State Court action."[1] *Id.* at 1. Great Lakes Dredge & Dock Company (hereinafter Great Lakes), however, argues the requirements for lifting the stay have not been met. Plaintiff's Response to Stephens' Motion to Modify Order Restraining Suits (Doc. # 20; hereinafter Response), filed on January 20, 1995. A hearing on the Motion was held on March 1, 1995.

### Background

Great Lakes brought the instant action seeking exoneration from or limitation of liability for "any and all loss, damage or injury allegedly occasioned, resulting from or incurred or arising by reason of" an incident which occurred on July 26, 1992, while the *Tarheel State* was in navigable waters off Charleston, South Carolina. Complaint for Exoneration From or Limitation of Liability (Doc. # 1), filed on November 28, 1994, at paras. 8, 14. On this date, the Claimant, who

---

[1] The commencement or prosecution of any suits, actions or proceedings in any jurisdiction against the Plaintiff, vessel *Tarheel State,* or the insurers of the Plaintiff or vessel, except in this action, was previously restrained, stayed and enjoined. *See* Order Approving Plaintiff's Ad Interim Stipulation for Value, Directing Publication of Notice to Claimants, and Restraining Suits (Doc. # 6), entered on November 29, 1994.

was employed by Great Lakes, slipped or fell while carrying supplies from shoreside to the *Tarheel State. Id.* at para. 8. Great Lakes contends this incident did not result from any "fault, design, neglect or want of care on the part of Great Lakes, or by any failure ... to exercise due diligence in making the [vessel] seaworthy, or to properly equip or supply her, and [was] done, occasioned and incurred without the privity or knowledge of Great Lakes." *Id.* at para. 9.

Plaintiff's request for exoneration from or limitation of liability is made pursuant to 46 App. U.S.C.A. § 183(a), which provides in relevant part:

> The liability of the owner of any vessel, whether American or foreign, for any ... act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

Great Lakes posted a surety in the amount of $147,000.00 representing the value of the *Tarheel State, see* Ad Interim Stipulation for Value (Doc. # 5), filed on November 28, 1994, and which the Court approved in its Order Approving Plaintiff's Ad Interim Stipulation for Value, Directing Publication of Notice to Claimants, and Restraining Suits (Doc. # 6; hereinafter Order), entered on November 29, 1994.

Mr. Stephens filed his Claim for Damages (Doc. # 15) on January 9, 1995. Prior to the entry of the Order, Claimant had apparently initiated a cause of action in the Fourth Judicial Circuit Court, Duval County, Florida, seeking to recover damages from Great Lakes relating to the July 26, 1992, incident. *See* Complaint and Demand for Jury Trial (hereinafter Claimant's Complaint), attached to the Claim for Damages as Exhibit A.

### Discussion

The Court is authorized to stay all proceedings against a vessel owner who files a complaint seeking exoneration from or limitation of liability under the Limitation of Liability Act. 46 App. U.S.C.A. § 185. Under Supplemental Rule F(4) of the Federal Rules of Civil Procedure, the Court also directs all potential claimants to file, in the admiralty court and within a specified time period, their "claims with respect to which the complaint seeks limitation...."

At this stage, the process proceeds as described by the Second Circuit Court of Appeals:

> Thereafter, in a proceeding known as a *concursus,* the district court, sitting in admiralty without a jury, determines "whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed." It is only in this way that the admiralty court can achieve the primary purpose of the Act—"to provide a marshalling of assets [and] the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full."

*Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.,* 836 F.2d 750, 755 (2d Cir.1988) (citations omitted).

However, the exclusive admiralty jurisdiction of the federal court over limitation of liability actions inherently conflicts with the common law rights preserved in the "saving to suitors" clause of 28 U.S.C. § 1333. As explained in *Dammers:*

> In exercising [the] equitable power [to enjoin other proceedings], of course, the admiralty court must necessarily deny the claimants their right to pursue common law claims before a jury. There is no right to a jury in actions instituted in admiralty, and the claimants are enjoined from pursuing common law actions in other forums. Such a result is in direct conflict with the promise of 28 U.S.C. § 1333 that the exercise of admiralty jurisdiction will not deny suitors their right to common law remedies.

*Dammers,* 836 F.2d at 755 (citations omitted).

This tension, however, is not absolute. Courts recognize two exceptions to the admiralty court's exclusive jurisdiction over limitation proceedings. First, when the total

value of claims filed against the vessel and vessel owner is exceeded by the value of the vessel and its cargo, "a *concursus* is unnecessary because the claimants need not compete among themselves for larger portions of a limited fund." *Complaint of Midland Enters., Inc.,* 886 F.2d 812, 814 (6th Cir.1989) (quoting *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.,* 678 F.2d 636, 643 (6th Cir.1982)). Second, where a single claimant seeks an amount exceeding the limitation fund, the district court must lift the stay against other lawsuits if the claimant files an appropriate stipulation. *Gorman v. Cerasia,* 2 F.3d 519, 524 (3rd Cir.1993); *Dammers,* 836 F.2d at 755; *Complaint of Mucho K, Inc.,* 578 F.2d 1156, 1158 (5th Cir.1978).[2]

In the present case, Mr. Stephens has filed a stipulation which, in pertinent part, states:

2. That this Court has full and exclusive jurisdiction to determine whether or not the Plaintiff has a right to limit its liability to this claimant, and to determine all issues relating to limitation of liability including, but not limited to, the issue of the timeliness of the Plaintiff's complaint for exoneration and limitation.

3. That this Court has full and exclusive jurisdiction to determine the proper value of the Limitation Fund, including the value of the M/V TARHEEL STATES and any other vessel which may be included within the Limitation Fund.

4. That this Claimant waives any claim of *res judicata* based on a judgment in any other Court with respect to any issue of limitation of liability reserved to this Court.

5. That Claimant will initiate no proceedings to execute any judgment rendered in State Court until such time as the limitation issue is resolved by this Court.

Filing of Stipulations Conceding the District Court's Exclusive Jurisdiction to Decide all Limitation of Liability Issues as a Prerequisite to Lifting the Stay to Allow Jones Act Case in State Court to Proceed (Doc. # 16; hereinafter Stephens Stipulation), filed on January 9, 1995, at 2. Great Lakes argues the Stephens Stipulation is deficient in several respects. *See* Response at 1–2. The Court herein limits its discussion to those provisions which are in dispute.

*Protection From Potential Third Party Claims*

■ Great Lakes contends the Stephens Stipulation does not sufficiently protect "against the possibility of a claim for contribution or indemnity by a third party, which could potentially subject Great Lakes to liability in excess of the limitation fund...." Response at 2. Plaintiff cites to several cases, including *Dammers* and *Odeco Oil and Gas Co. v. Bonnette,* 4 F.3d 401, 405 (5th Cir.1993), for the proposition that the claimant's stipulation should contain a provision by which "'the admiralty court can effectively ensure that a shipowner will not face liability in excess of the limitation fund'" from third parties. Response at 3 (quoting *Dammers,* 836 F.2d at 759).

When determining whether to lift a restraint against other proceedings, a court will "first consider whether [the] case presents a 'lone claimant' situation." *Dammers,* 836 F.2d at 756. Claimant presumes this to be a single claimant action. *See* Motion at 2. Because the incident allegedly causing injury to Mr. Stephens occurred on land, Great Lakes contends there is a possibility the landowner may be brought into the other proceeding and assert a claim against Great Lakes. Response at 3.

The facts asserted by the Claimant reveal he was carrying supplies from land to the vessel when he "tripped over some buried wire cable and/or slipped in a muddy unkept path." Claimant's Complaint at 3. As the incident occurred on land, it is a reasonable possibility the landowner may become party to a lawsuit arising out of the incident and could assert claims against Great Lakes. Thus, there exists "a potential set of circumstances in which [the] shipowner could be held liable in excess of the limitation fund...." *Dammers,* 836 F.2d at 757. Because the Stephens Stipulation does not ad-

---

2. The Eleventh Circuit has adopted as its governing body of precedent the case law of the former Fifth Circuit handed down as of September 30, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1210 (11th Cir.1981) (en banc).

dress the matter of possible third-party claims, the Court finds it does not adequately protect Great Lakes.

However, as in *Dammers*, and implied by Plaintiff in its Response, Stephens could amend his stipulation to address the concern of Plaintiff's potential liability from possible third party claims. *Id.* at 757; *see* Response at 3–4. This approach has been adopted by the Third Circuit, which has stated:

> [A]s long as the priority stipulations filed in the district court ensure that the shipowner will not be exposed to competing claims to the limited fund representing more than the value of [the] vessel, the district court may authorize the parties to proceed with the state court action. We believe that this is a reasonable method of reconciling the two applicable federal statutes, one "saving to suitors" their common law remedies, including the right to a jury trial, and the other protecting an innocent shipowner from claims above the value of the ship and its cargo.

*Gorman*, 2 F.3d at 526 (discussing *Dammers*).

At the hearing on the Motion, counsel for Plaintiff stated while it could not implead the landowner into this action due to sovereign immunity concerns, there was still the possibility the Claimant could sue the landowner in a South Carolina state court. Claimant maintained this matter is, nonetheless, a single claim situation but would stipulate he would not sue the owner of the land. If this issue is to be conceded, the Claimant shall reduce it to writing, amend the previously filed Stephens Stipulation so as to include this concession, and file it with the Court. Upon doing so, Mr. Stephens may again request the stay be lifted.

*The Admiralty Court's Exclusive Jurisdiction*

█ Great Lakes argues the Stephens Stipulation "does not concede the admiralty court's exclusive jurisdiction to determine all issues relating to exoneration from liability...." Response at 2. Plaintiff explains the stipulation should be required to state "Stephens concedes to the exclusive jurisdiction of the admiralty court to determine not only limitation issues, but exoneration issues

as well, and that Stephens waives any claim of *res judicata* regarding issues of exoneration from liability." *Id.* at 6.

In discussing the requirements of a lone claimant's stipulation when seeking removal of a stay against other lawsuits, courts have expressed the requirement as being that the claimant must "stipulate[ ] that the admiralty court has exclusive jurisdiction to determine all issues concerning the owner's limitation of liability under the [Limitation of Liability] Act." *Gorman*, 2 F.3d at 524; *see also Dammers*, 836 F.2d at 755. The Third Circuit describes this requirement as follows:

> Specifically, the claimant must waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court, and concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding. The necessity of these two stipulations has been accepted by federal courts for over half a century and is now beyond dispute.

*Gorman*, 2 F.3d at 524–25 (citation and footnote omitted).

In this matter, the necessity of such stipulations is not in dispute. Rather, Great Lakes avers the Stephens Stipulation is inadequate because it does not contain a waiver and concession with respect to Great Lakes' exoneration claim. In support of its position Plaintiff cites to *Matter of Texaco, Inc.*, 847 F.Supp. 457 (E.D.La.1994), which held a stipulation to be insufficient where the case was "by and large a serious '*exoneration* from liability' suit, seeking limitation of liability only in the alternative." *Id.* at 459 (footnote omitted) (emphasis in original).

However, other courts have recited the requirement as the Third Circuit did in *Gorman* without differentiating between the remedies of liability exoneration and limitation. *See, e.g., Odeco*, 4 F.3d at 404; *In re Two "R" Drilling Co.*, 943 F.2d 576, 577–78 (5th Cir.1991); *Dammers*, 836 F.2d at 755. In fact, the complaint filed in the *Gorman* case sought exoneration from or limitation of liability under the Act, and the district court concluded the Plaintiff's rights were adequately preserved by a stipulation which did

not mention exoneration but, rather, stated the plaintiff "has the right to litigate in [admiralty court] all issues relating to limitation of liability...." *Gorman,* 2 F.3d at 522 (quoting the stipulation filed by the claimant in that case). The Court is not persuaded of the merit of the Plaintiff's argument and finds that, as to these provisions, the Stephens Stipulation is adequate for the purpose of lifting the stay.

*Value of the Limitation Fund*

■ Great Lakes also asserts the Stephens Stipulation "does not concede the sufficiency of Great Lakes' stipulation for value of the limitation fund." Response at 2. Plaintiff argues that, prior to the stay being lifted, the claimant must concede the sufficiency of the limitation fund of $147,000.00. *Id.* at 6.

However, the requirement that a claimant concede the sufficiency of the limitation fund has not been widely accepted. *See Gorman,* 2 F.3d at 525 n. 6. In *Dammers,* the Second Circuit explicitly reserved judgment with respect to this requirement. *Dammers,* 836 F.2d at 758 n. 7. Other courts have held a stipulation to be sufficient if it concedes the issue of the limitation fund amount will be litigated exclusively before the admiralty court. *Two "R" Drilling,* 943 F.2d at 578; *In re Complaint of North Lubec Manufacturing and Canning Co.,* 640 F.Supp. 636, 640–41 and n. 6 (D.Me.1986).

The Court holds the latter view is more appropriate. The right of a claimant to challenge the Plaintiff's proffered security in a limitation proceeding is set forth in Supplemental Rule F(7) of the Federal Rules of Civil Procedure. Moreover, this position is consistent with the comments made in *Mucho K,* where the former Fifth Circuit applied the rule that "permits the claimant in a single claim situation after appropriate protective stipulation to proceed elsewhere reserving exclusive final determination of the right to limitation (*and amount of the fund* ) to the admiralty court." *Mucho K,* 578 F.2d at 1158 (quoting *Pershing Auto Rentals, Inc. v. Gaffney,* 279 F.2d 546, 550 (5th Cir.1960)) (emphasis added). Therefore, Mr. Stephens' stipulation "[t]hat this Court has full and exclusive jurisdiction to determine the proper value of the Limitation Fund, including the

value of the M/V TARHEEL STATES and any other vessel which may be included within the Limitation Fund" is sufficient. *See* Stephens Stipulation at 2.

In light of the foregoing, it is hereby

**ORDERED:**

The Motion to Modify Order Restraining Suits (Doc. # 14) is **DENIED** with leave permitted for the Claimant to seek similar relief upon filing an amended stipulation.

**DONE AND ORDERED.**