**In the MATTER OF AMERICAN COM-MERCIAL LINES L.L.C., as Owner of the Barge VL 81293 and American Commercial Barge Line, L.L.C., as Charterer and Operator of the Barge VL 81293, Praying for Exoneration from and/or Limitation of Liability.**

**Civil Action No.  00–0281–AH–L.**

United States District Court,
S.D. Alabama,
Southern Division.

Feb. 9, 2001.

Brian P. McCarthy, McDowell Knight Roedder & Sledge, L.L.C., Mobile, AL, for American Commercial Lines, LLC, American Commercial Barge Line, LLC.

Toby D. Brown, Cunningham, Bounds, Yance, Crowder & Brown, Mobile, AL, Gregory B. Breedlove, Cunningham, Bounds, Yance, Crowder & Brown, Mobile, AL for Mary Alice McFall.

## ORDER

HOWARD, Senior District Judge.

This matter is before the Court on claimant Mary McFall's ("Claimant") *Motion to Lift Stay and Permit Claimant to Proceed in State Court* (Doc. 20). The Motion refers to this Court's stay, issued on April 17, 2000, barring any and all actions arising from the events described herein that might be brought against Petitioners American Commercial Lines, L.L.C. ("ACL") and American Commercial Barge Line, L.L.C. ("ACBL") (Doc. 6). This controversy arises out of the death of Gary McFall, Claimant Mary McFall's husband. On February 12, 1999, in his capacity as seaman and crew member of the vessel M/V RIGGER III, Mr. McFall was cleaning Barge VL 81293, an inland hopper barge then afloat in the Mobile River. Mr. McFall was fatally injured when he fell overboard and drowned while inspecting the barge. On that day, the M/V RIGGER III, owned and operated by Louisiana Dock Company, L.L.C. ("Louisiana Dock"), was tied off to Barge VL 81293 at Louisiana Dock's facility in Mobile, Alabama. Petitioner ACL was and now is the owner of Barge VL 81293; Petitioner ACBL was and now is the charterer and operator of Barge VL 81293.

## FACTS

Mrs. McFall, qualified as the personal representative of the decedent's estate, filed a claim in this proceeding on behalf of her two children and herself. This is the only claim in the proceeding. On April 4, 2000, ACL and ACBL filed a joint petition in this Court for Exoneration from or Limitation of Liability pursuant to 46 U.S.C.App. §§ 181–189, Fed.R.Civ.P. 9(h) and the Supplemental Rules for Certain Admiralty and Maritime Claims. Claimant now moves the Court to lift the stay so that she may pursue her rights in state court. To that end, on January 22, 2001, Claimant filed her *Supplemental Affidavit of Mary McFall* (Doc. 28), which the Court finds today to be a proper stipulation of this Court's admiralty jurisdiction within the meaning of The Limitation of Vessel Owner's Liability Act, 46 U.S.C.App. § 181 *et seq.* ("Limitation Act"). Claimant has stipulated as follows:

1. This Court has full and exclusive jurisdiction to determine the value of the vessels involved in this litigation and their pending freight, that is sought to be limited in these proceedings, or the value of the limitation funds which may be necessary for the satisfaction of her claim against the limitation petitioners;

2. This Court has full and exclusive jurisdiction to determine whether petitioners have the right to any limitation of their liability to the claimant;

3. Any claim of *res judicata*, based on a judgment rendered by any other court with respect to the issue of petitioner's right to limit its liability, is reserved to this Court and is waived by claimant;

4. Claimant will not seek to enforce any judgment exposing the limitation petitioners to liability in excess of the ultimately determined limitation fund, whether by enforcement against petitioners themselves of by enforcement against any third parties entitled to indemnity or contribution from petitioners, if it is determined that petitioners are entitled to limit liability; and

5. Any claim of issue preclusion, based on a judgment rendered by any other court with respect to the issue of Petitioner's right to limit its liability, is reserved to this Court and is waived by Claimant.

## DISCUSSION

■ I. The law is well settled that a stay order that has been issued pursuant to an action filed under the Limitation Act should not be lifted unless and until the claimant files a stipulation that fully protects the petitioner's rights under the Limitation Act. *In the Matter of Beiswenger,* 86 F.3d 1032 (11th Cir.1996). This is true even in a single claimant case, as is present here. *Id.* at 1044 ("Even in a single claimant case, the stipulations must fully protect the vessel owner's rights under the Limitation Act."). While not disputing Claimant's right to pursue her claims in a state action, Petitioners ACL and ABCL argue that the stipulation referenced above is inadequate and deficient because Claimant has not stipulated to Petitioners' alleged right to litigate exoneration issues exclusively in federal admiralty court. *See Petitioners' Response and Opposition to Claimant's supplemental Memorandum in Support of Motion to Lift Stay* (Doc. 29).

Additionally, Petitioners ACL and ACBL quibble that Claimant is required to stipulate at this time as to the value of the limitation fund that Petitioners have unilaterally offered the Court, and that paragraph four of Claimant's affidavit language is objectionable because it could conceivably result in a violation of this Court's exclusive jurisdiction as to the limitation of liability fund. The Court, before addressing the more difficult question as to whether a stipulation is required asserting this Court's alleged exclusive jurisdiction as to the exoneration issue, initially disposes of the above two claims as meritless.

■ As to the first contention, pursuant to the Limitation Act, it is the exclusive province of this Court to determine the value of the limitation fund. *Lake Tankers Corp. v. Henn,* 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). The assertion that Claimant must be railroaded into accepting Petitioners' version of the fund's value is thus erroneous. All that is necessary at this stage of the proceedings is for Claimant to stipulate that this Court "has full and exclusive jurisdiction to determine the value of the vessels involved in this litigation and their pending freight ... or the value of the limitation funds." This is in fact the language used in paragraph one of Claimant's affidavit, and it is sufficient in that it acknowledges the Court's exclusive jurisdiction to set the value of the limitation fund. No justification exists to force Claimant (or this Court) to accede to Petitioners' account of the vessels' value, especially since this Court has conducted no evidentiary hearings and has not issued formal findings of fact with regard to the value of said vessels.

Petitioners object to paragraph four of Claimant's affidavit, apparently on the dual grounds that Claimant did not specifically write out a formal citation to the Limitation Act, and that the paragraph's language is not concrete enough to eliminate all possible linguistic interpretations that would disfavor Petitioner. These arguments fail as the objections to Claimant's language in paragraph four are without merit. The substance of the stipulation is what counts, and while the Court is well aware of its duty to zealously guard Petitioners' rights in admiralty law with regard to the matters under its exclusive jurisdiction, the Court cannot say that Claimant has failed to file a stipulation that fully protects Petitioners' rights under the Limitation Act.

■ **II.** The Court must now determine whether Claimant must stipulate to both limitation of liability and exoneration in order to lift the stay order. The issue involves a conflict between the exclusive jurisdiction of federal admiralty courts in limitation actions, 46 U.S.C.App. § 181 *et seq.* and the common law remedies embodied in the Savings to Suitors clause of 28 U.S.C. § 1333(1). Courts have allowed claimants in two situations to proceed outside the exclusive jurisdiction of the federal admiralty court: 1) where the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and 2) when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the federal court determines the shipowner's right to limitation. *Odeco Oil and Gas Co., Drilling Div. v. Bonnette ("Odeco II")*, 74 F.3d 671, 674 (5th Cir.1996). With proper stipulations, the Fifth Circuit[1] has permitted claimants to proceed in a state court action outside of the limitation action. *Texaco, Inc. v. Williams*, 47 F.3d 765, 769 (5th Cir.1995).

The Limitation Act provides:

> The liability of the owner of any vessel ... for any loss, damage, or injury by collision, or for any act, matter, or thing, loss damage, or forfeiture, done occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest

of such owner in such vessel, and her freight then pending.

46 U.S.C.App. § 183(a).

In addition, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims declares that "the complaint may demand exoneration from as well as limitation of liability." *Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Limitation of Liability, (2) Complaint.* In contrast, the Savings to Suitors clause embodied in 28 U.S.C. § 1333(1) states "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

In determining whether a sole claimant has adequately conceded the admiralty court's exclusive jurisdiction over limitation of liability issues, the courts have applied the test described by Gilmore and Black in *The Law of Admiralty*, § 10–19, at 871 (2d ed.1975). *See, e.g., Matter of Antill Pipeline Const. Co., Inc.*, 1997 WL 399603 (E.D.La.1997) (Clement, J.).

This test requires that the claimant:

> 1. file his claim in the limitation proceeding
>
> 2. consent to waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court; and
>
> 3. concede petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.

*See Jefferson Barracks Marine Service, Inc. v. Casey*, 763 F.2d 1007, 1009 (8th Cir.1985).

---

**1.** As both parties and the Court have been unable to locate 11th Circuit authority specifically addressing the matters herein, the Court defers to the persuasive authorities of it sister circuits and district courts, and especially to the admiralty law jurists of the 5th Circuit's district courts.

Additionally, the bulk of cases interpreting the Limitation Act have focused on its primary purpose of protecting the shipowner's right of limitation. The Supreme Court, in finding that a claimant could proceed in a state court action when the aggregate amount of all claims filed in the proceeding were less than the value of the vessels and their freight, commented: "[T]he Act is not one of immunity from liability but of limitation of it and we read no other privilege for the shipowner into its language over and above that granting him limited liability. In fact, the Congress not only created the limitation procedure for the primary purpose of apportioning the limitation fund among the claimants where that fund was inadequate to pay the claims in full, but it reserved to such suitors their common-law remedies." *Lake Tankers*, 354 U.S. at 152–153, 77 S.Ct. 1269.

The Fifth Circuit has observed that "[T]he court takes jurisdiction to entertain those claims without a jury, and ensures that the shipowner who is entitled to limitation is not held to liability in excess of the amount ultimately fixed in the limitation suit (the limitation fund). The court's primary concern is to protect the shipowner's absolute right to claim the Limitation Act's liability cap, and to reserve the adjudication of that right in the federal forum." *In the Matter of Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir.1992) (*citations omitted*).

The Fifth Circuit has explored the tension between the Savings to Suitor clause and the Limitation Act. *See Odeco Oil and Gas Co., Drilling Div. v. Bonnette* ("*Odeco I*"), 4 F.3d 401 (5th Cir.1993). In *Odeco I*, discussing this tension, the court commented that the purpose of the Limitation Act was not to promote judicial efficiency but to preserve the claimant's right to proceed in the forum of their choice, pro-vided that they protect the shipowner's right to limit liability. *See id.* at 404. If the purpose of the Limitation Act were to accomplish judicial efficiency as well as limitation of liability, such a case as is now before the Court would clearly call for *concursus* proceeding. As the Supreme Court explained in *Lake Tankers*, however, that liability may and should be limited consistent with preserving the claimant's right to proceed in the fora of their choice. *Lake Tankers*, 354 U.S. at 152–153, 77 S.Ct. 1269. Accordingly, the court in *Odeco I* held that a complainant must not be denied their choice of fora, so long as the motion to lift the district court's stay is accompanied by stipulations fully protecting a petitioner's right to limit liability and agreeing to abide by an admiralty court's determination of the right to so limit. *See Odeco Oil & Gas Company*, 4 F.3d at 404–405. Here, the Claimant has clearly provided such a stipulation.

The Fifth Circuit has never squarely addressed, however, the issue of whether exoneration is a necessary element of a claimant's stipulation. In *Odeco II*, that court declined to rule on the issue because it found plaintiff's stipulation deficient for other reasons. *Odeco Oil & Gas Company*, 74 F.3d at 675. While the Fifth Circuit has not reached the issue, the District Court for the Eastern District of Louisiana has issued divergent opinions on the question of whether a claimant must stipulate to both limitation of liability and exoneration in order to lift a federal stay order. *See In the Matter of Falcon Drilling Company, Inc.*, 1996 WL 240005 (E.D.La.1996); *In the Matter of Tidewater, Inc.*, 938 F.Supp. 375, 379 (E.D.La.1996); *In the Matter of Suard Barge Service, Inc.*, 1997 WL 97226 (E.D.La.1997) (each decision holding that the Limitation Act requires a claimant to stipulate that the determination of exoneration *vel non* is in the exclusive jurisdiction of the admiralty court);

*but see In the Matter of Falcon Inland, Inc.*, 2 F.Supp.2d 835 (E.D.La.1998); *In re LeBeouf Bro's Towing Co., Inc.*, 2000 WL 1693688 (E.D.La.2000); *In re American Commercial Barge Lines, Inc.*, 1998 WL 888977 (E.D.La.1998) (each decision finding no support in the Limitation Act for any requirement that a federal district court sitting in admiralty must exclusively decide exoneration issues). The courts finding exoneration to be exclusively within the power of the district court to decide reasoned that it would not adequately protect the rights of the party seeking exoneration in federal court to be potentially held liable for an amount up to the limitation bond in state court, and that without such a stipulation the exclusive jurisdiction of federal admiralty courts would be intruded upon. *See, e.g., In the Matter of Falcon Drilling*, 1996 WL 240005 at *2.

Here, the Court is confronted with a single claimant case where the Claimant has stipulated that the federal court has exclusive jurisdiction over the limitation proceeding. Claimant has further waived the related defense of issue preclusion as to any judgement rendered by any other court with respect to the issue of Petitioners' right to limit their liability. This Court declines to follow those courts adopting the holding of *Falcon Drilling*, which requires a claimant to stipulate to exoneration based on the conflict between 28 U.S.C. § 1333(1) and 46 U.S.C.App. § 183, the text and purpose behind the Act, and applicable Supreme Court and Fifth Circuit case law. This Court adopts instead the reasoning of Judge Clement in *Matter of Antill Pipeline Const. Co., Inc.*, 1997 WL 399603 (E.D.La.1997), considering as it does the holding of that case to be the most faithful interpretation of the mandates of the Limitation of Liability Act, the Savings to Suitors clause, and United State Supreme Court and Eleventh Circuit precedents construing each of those statutes.

First, the text of the Limitation Act does not explicitly or implicitly provide a shipowner with a right to exoneration. The Limitation Act nowhere gives a shipowner the right to exoneration, it only grants the shipowner the right to limit his or her liability. A shipowner's right to exoneration is only mentioned in Supplemental Rule F, a rule which courts have construed to set forth the procedures for filing complaints and responses connected to a limitation action. *See Complaint of Midland Enterprises, Inc.*, 886 F.2d 812, 817 (6th Cir.1989). In fact, Supplemental Rule F declares that a ship owner *may* demand exoneration, not that the ship owner is entitled to exoneration as a matter of right.

Second, the only circuit to have even addressed the question, the Fifth Circuit, has consistently emphasized that the Limitation Act's primary purpose is to protect a shipowner's right to limit his or her liability. *See Odeco II*, 74 F.3d at 674; *In re Complaint of Port Arthur Towing Co. on Behalf of M/V MISS CAROLYN*, 42 F.3d 312, 316 (5th Cir.1995); *In the Matter of Magnolia Marine Transport Co., Inc.*, 964 F.2d 1571, 1575 (5th Cir.1992). Given adequate protection of the shipowner's rights, a claimant is entitled to proceed in the forum of his or her choice, regardless of the judicial inefficiency this decision may cause. As the Court finds that Claimant McFall has adequately protected Petitioners' right to limit their liability, the Court must respect Claimant's right to proceed in the forum of her choice, even if this choice results in an overlap between the federal and state cases.

Given the conflict between the Savings to Suitor clause and the Limitation Act statute, the text of the Limitation Act and Supplement Rule F, Fifth Circuit case law and Supreme Court case law, the lack of Eleventh Circuit guidance on the question

and the stipulation before the Court, the Court finds that Claimant's stipulation by affidavit sufficiently protects Petitioners' right to limit their liability, allowing the Court to lift its stay order. Accordingly, Claimant's Motion to Lift Stay Order is **GRANTED**.