United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50125
Summary Calendar

ELLEN KATHRYN MOORE SUTTON, LILY MOORE, Individually and as
Executrix of the Estate of Earl K. Moore, Jr., Deceased;
BEVERLY ANN MOORE; MICHAEL EARL MOORE,

Plaintiffs-Appellants,

versus

JAMES DORMAN, M.D., ET AL.,

Defendants,

JAMES DORMAN, M.D.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CV-248
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ellen Moore Sutton, Lily Moore, individually and as Executrix
of the Estate of Earl K. Moore, Beverly Moore, and Michael Moore
(the Moores), appeal the district court's judgment in this medical
malpractice suit. Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After the Moores filed suit against Drs. James Dorman and Kenneth Walton in a Texas state court, the United States removed the case under the Westfall Act on the basis that Dr. Walton was acting within the scope of his employment with the Veterans Administration and the Department of Veterans Affairs. The district court dismissed the claims against Dr. Walton on the basis that he was the borrowed employee of University of Texas Health Sciences Center and, therefore, the Government could not be vicariously liable. The Moores contend that the dismissal of the claims against the United States under the borrowed employee doctrine constituted a determination that Dr. Walton was not acting in the scope of his federal employment. Thus, they argue, the district court lacked original jurisdiction and should have remanded the matter to state court. We disagree.

The Moores' argument rests on the faulty premise that Dr. Walton could not simultaneously be both the borrowed employee of UTHSC and acting within the scope of his federal employment. We rejected this identical argument in <u>Palmer v. Flaggman</u>, 93 F.3d 196, 204-05 (5th Cir. 1996), which held that, under Texas law, the two inquiries are separable. As Texas law likewise applies to the determination of both borrowed employee status and scope of employment in this case, we reach the same conclusion that we did in <u>Palmer</u>.

We likewise conclude that the district court's determination that Dr. Walton was in the scope of his federal employment for the

purposes of jurisdiction was not erroneous.  Although the Moores do not directly contest the district court's certification determination, we address the issue sua sponte as it implicates the district court's jurisdiction.  See Odeco Oil & Gas Co., Drilling Div. v. Bonnette, 4 F.3d 401, 403 n.2 (5th Cir. 1993).  Given the facts of this case, which are similar to those in Palmer, we conclude that the district court's determination that Dr. Walton was acting within the scope of his employment was not erroneous. See Palmer, 93 F.3d at 199.

Finally, it is clear that the district court had supplemental jurisdiction over the claims against Dr. Dorman.  See 28 U.S.C. § 1367.  Again, we address this issue sua sponte. Given the absence of any complex issues of state law and the advanced stage of the litigation, the district court did not abuse its discretion in retaining jurisdiction over those claims after dismissing the claims against the United States.  See Smith v. Amedisys, Inc., 298 F.3d 434, 447 (5th Cir. 2005).

For the foregoing reasons, the judgment of the district court is AFFIRMED.