**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2020[*]
Decided March 19, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1365

| | |
|---|---|
| JEREMY LOWREY,<br> *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 1:16-cv-1170 |
| ANDREW TILDEN and WEXFORD<br>HEALTH SOURCES, INC.,<br> *Defendants-Appellees*. | Jonathan E. Hawley,<br>*Magistrate Judge*. |

**O R D E R**

 Jeremy Lowrey, a prisoner at Pontiac Correctional Facility, says that after he suffered stomach pain (which he thought was related to a medical implant), a prison doctor treated his symptoms but refused to send him to an outside specialist. Believing that this refusal violated the Eighth Amendment, he sued the doctor, the doctor's employer (Wexford Health Sources), and others under 42 U.S.C. § 1983. The district court denied Lowrey's requests for counsel and granted the defendants' motions for

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

summary judgment. Because the record, construed in Lowrey's favor, shows no deliberate indifference, and because the court reasonably ruled that counsel was not needed, we affirm.

Years before he went to prison in 2010, Lowrey had a "lap band" surgically implanted to help manage his weight. This silicone device (a "laparoscopic adjustable gastric band") encircles part of the stomach to treat obesity by decreasing eating. *See* https://medical-dictionary.thefreedictionary.com/laparoscopic+gastric+banding (last visited March 3, 2020).

Five years after entering prison, Lowrey began complaining of problems relating to that implant, including pain and indigestion. In response, Dr. Andrew Tilden, the prison doctor, prescribed a drug for indigestion and ibuprofen for pain management. When Lowrey complained of heartburn the next month, Dr. Tilden added a prescription for an antacid. Lowrey still was not feeling well a month later, so Dr. Tilden ordered an x-ray to see whether Lowrey's lap band was out of place; the x-ray revealed no issues. Two months later, Lowrey requested an exam by an outside specialist. Based on the medical evidence at that point, Dr. Tilden denied the request. When Lowrey again complained of heartburn three months later, Dr. Tilden gave him a six-month prescription for a different drug (Pepcid, to reduce stomach acid). After this prescription, Lowrey did not complain of stomach problems again for almost a year.

During this period free from any reported stomach issues, Lowrey sued Dr. Tilden, prison administrators, and Wexford Health Sources for violating the Eighth Amendment by denying his request for an outside specialist. The district court (through a magistrate judge who presided by consent) dismissed all defendants except Dr. Tilden, Wexford, and the prison warden. (The warden eventually obtained summary judgment based on Lowrey's failure to exhaust administrative remedies—a ruling that Lowrey does not challenge.) The court also denied Lowrey's request for counsel, without prejudice. It explained that if Lowrey chose to renew his motion, he would need to provide information about his education, work history, litigation history, and his efforts to obtain counsel. Lowrey later renewed his request and included a list of 12 lawyers he had contacted. The district court acknowledged these efforts but ruled that recruiting counsel was unwarranted. It reasoned that Lowrey (who has a GED, attended three semesters of college, and drafted his filings unaided) had communicated well with the court, and the litigation was not too complex relative to his abilities.

Meanwhile, as the litigation was ongoing, Lowrey raised new complaints to prison medical personnel about his stomach issues, including abdominal discomfort, nausea, and vomiting. In response, Dr. Tilden prescribed anti-nausea medication and scheduled Lowrey to see a specialist. Soon after, a gastroenterologist concluded that Lowrey's lap band should be removed, and a few months later Lowrey underwent successful removal surgery.

The district court later entered summary judgment for Dr. Tilden and Wexford, concluding that the record did not permit an inference that Dr. Tilden was deliberately indifferent to Lowrey's needs, so neither Dr. Tilden nor Wexford violated the Eighth Amendment. The court explained that Dr. Tilden had reasonably responded to Lowrey's complaints, that the x-ray revealed no issues, that some of the prescribed medication was effective (as evidenced by Lowrey's lack of complaint during the year following that prescription), and that courts accord great deference to doctors' judgments.

On appeal, Lowrey first argues that the district court abused its discretion when it denied his motions for counsel. He contends that he needed counsel in order to litigate his case competently, to obtain an expert, and to stave off summary judgment. But the district court did not abuse its discretion in denying Lowrey's requests. Civil litigants—even indigent ones like Lowrey— are not guaranteed counsel in all cases; a district court may recruit counsel for a litigant at its discretion when the litigant cannot secure counsel and the case's complexity exceeds the litigant's skills. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). The district court acknowledged that Lowrey tried to find counsel. But its decision not to recruit counsel for him was reasonable because his unassisted filings were clear and, with his partial college education, he could on his own seek an expert and reply to a motion for summary judgment in this standard deliberate-indifference case.

Next, Lowrey contests the entry of summary judgment for Dr. Tilden. He contends that the doctor said he sent Lowrey to see a specialist after his first request, but that Dr. Tilden did not actually do so. This assertion is baseless; Dr. Tilden never said that he sent Lowrey to a specialist after Lowrey's first request. What the record instead shows is that Dr. Tilden reasonably responded to Lowrey's complaints. The doctor prescribed two drugs to treat Lowrey's symptoms of pain and indigestion when they arose, and, when discomfort returned, Dr. Tilden took the further step of ordering an x-ray. But when the x-ray revealed no issues with the lap band, Dr. Tilden permissibly denied Lowrey's demand to see an outside specialist. *See Pyles v. Fahim*, 771

F.3d 403, 411 (7th Cir. 2014) (doctors have discretion to deny a request to see a specialist when circumstances do not require it). When Lowrey's symptoms returned a few months later, Dr. Tilden recognized that the previous drugs were no longer effective and prescribed new medicine, after which Lowrey's complaints ceased for a year. When symptoms arose after a year free from stomach issues, Dr. Tilden again acted reasonably by referring Lowrey to an outside gastroenterologist to address the new concerns. Then, on the recommendation of the gastroenterologist, Lowrey underwent successful surgery to remove the lap band. On this record, no reasonable jury could conclude that Dr. Tilden deliberately ignored Lowrey's serious medical needs, so no violation of the Eighth Amendment occurred. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

Summary judgment was properly entered for Wexford as well: Dr. Tilden committed no underlying constitutional violation, so Wexford (his employer) cannot be held liable for damages. *See Pyles*, 771 F.3d at 412.

We AFFIRM the judgment of the district court.