In the MATTER OF Diane SELF, wife of and William Self as Owners of Aluminum Hull Skeeter Motor Vessel, Hull Identification No. STE22499E898, Praying for Exoneration from or Limitation of Liability

Civil Action No. 01-0758.

United States District Court, W.D. Louisiana, Alexandria Division.

Oct. 10, 2001.

Edwin A. Ellinghausen, III, Charles L. Chassaignac, IV, Porteous Hainkel et al, New Orleans, LA, for Diane Self, William J. Self.

John T Bennett, Bennett Bennett & Bennett, Marksville, LA, for Michael D. Davis.

David R. Frohn, Robin A. Anderson, Frohn & Thibodeaux, Lake Charles, LA, for Yamaha Motor Corp. USA, Skeeter Products, Inc.

## *RULING*

LITTLE, Chief Judge.

Before the court is a motion [Doc. No. 20] to alter or amend judgment filed by the following parties: Diane Self, William J. Self (the "Selfs" or "Vessel Owners"), Yamaha Motor Corporation ("Yamaha"), and Skeeter Products, Inc. ("Skeeter"). The motion seeks to amend a ruling of this court, dated 18 July 2001. The ruling granted Michael D. Davis's ("Davis") motion to lift the Order Restraining the Prosecution of Claims. This court granted Davis's motion pursuant to the Limitation of Liability Act, 46 U.S.C.App. §§ 181–189 ("the Limitation Act") and the "savings to suitors" clause, ("the Suitor's Clause"), 28 U.S.C. § 1333(1). The parties filing the motion to alter or amend judgment rely on Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") for relief. For the reasons set forth below, the motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a boating accident that occurred on 28 October 2000, on the Red River, which flows through Rapides Parish, Louisiana. The Selfs, owners of a motor vessel manufactured by Skeeter and powered by a 200 horsepower motor manufactured by Yamaha, took Davis on a boating excursion on the Red River. As

William J. Self piloted the boat upstream on the Red River, the vessel suddenly veered sharply to starboard, causing Davis to be jetisoned from the vessel. Davis suffered severe physical injuries when struck by the motor's propeller.

On 27 March 2001, Davis initiated a civil suit in the Ninth Judicial District Court, Parish of Rapides, Louisiana, naming the Selfs and Yamaha as defendants. Although Davis did not name Skeeter as a defendant, Davis alleged Skeeter to be at fault in the complaint. On 30 April 2001, the Vessel Owners filed a complaint in this court for exoneration from or limitation of liability pursuant to the Limitation Act. On 2 May 2001, in accordance with the provisions of the Limitation Act, we enjoined the state court claims pending resolution of the underlying admiralty action. On 8 May 2001, to ensure the Vessel Owners' right to litigate the issue of liability in the admiralty proceeding, Davis filed the following stipulations with this court:

1. This court has full and exclusive jurisdiction to determine the value of the vessel, the value of its freight, the value of any limitation fund which may be necessary and any other matter pertaining to values;

2. This court has full and exclusive jurisdiction to determine whether petitioners have the right to exoneration from limitation of their liability to respondent, Michael D. Davis;

3. Any claim of res judicata based on judgment in any other Court, with respect to any issue of exoneration from and limitation of liability is reserved to this court, is waived by respondent;

4. Respondent will not seek to enforce any judgment exposing petitioners to liability in excess of the ultimately determined limitation fund, whether by enforcement against petitioners themselves or by enforcement against any third parties entitled to indemnity or contribution from petitioners;

5. All other pertinent portions of the stipulation executed by Michael D. Davis alternatively pled in support of this demand to lift the Stay and/or Restraining Order.

On 18 July 2001, on the basis of the above-outlined stipulations, this court granted Davis's motion to lift the restraint on prosecution of claims. Subsequently, Yamaha and Skeeter (collectively, the "Claimants") and Vessel Owners filed the current motion to alter or amend the court's 18 July 2001 order pursuant to Rule 59(e) of the FRCP. The Vessel Owners maintain that this court erred in dissolving the restraint on prosecution of claims for two reasons: (1) Davis's failed to stipulate to the value of his claim; and (2) Davis did not assert himself to be the sole claimant. Alternatively, Claimants contend the court miscued because Yamaha and Skeeter did not sign or agree to Davis's stipulations or enter into their own stipulations. We now address the merits of this motion to alter or amend judgment under Rule 59(e).

## II. LAW AND ANALYSIS

### 1. Standard of Review

The Vessel Owners and Claimants motion is a Rule 59(e) motion to alter or amend a judgment. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir.1997). Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly. *See* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 124; *Fields v. Pool Offshore, Inc.,* 1998 WL 43217, at *2 (E.D.La. Feb.3, 1998), *aff'd,* 182 F.3d 353 (5th Cir. 1999). The remedy is so extraordinary that the Fifth Circuit has directed that the

Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). As such, "the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under [Rule 59(e) ]." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990).

■■■ Generally, the grounds for granting a request to alter or amend a judgment under Rule 59(e) of the FRCP are as follows: (1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. *See e.g., Motiva Enterprises LLC v. Wegmann*, 2001 WL 246414, at *2 (E.D.La. March 12, 2001); *Clay v. Daichi Shipping*, 2000 WL 6269, at *1 (E.D.La. January 5, 2000); 11 Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 2810.1, p. 125–27. A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. *See Clay v. Daichi Shipping*, 2000 WL 6269, at *1 (E.D.La. January 5, 2000). Also, a motion based on recycled arguments only serves to waste the resources of the court. *See Louisiana v. Sprint Communications, Co.*, 899 F.Supp. 282, 284 (M.D.La.1995). Rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." *Id.; see also, Baustian v. Louisiana*, 929 F.Supp. 980, 981 (E.D.La.1996).

This case involves a conflict between the Limitation Act, which provides vessel owners a right to seek limitation of liability in federal court for maritime injuries, and the Suitor's Clause, which grants claimants a right to seek common law remedies outside of the federal admiralty forum. Because this case requires the court to reconcile contradictory statutes, a brief discussion that traces the development of the both the Limitation Act and the Suitor's Clause is warranted.

2. *The Limitation Act and the Suitor's Clause*

■■■ In the mid-nineteenth century, Congress passed the Limitation Act[1] "to encourage ship building and to induce capitalists to invest money in this branch of industry," *Norwich & N.Y. Transp. Co. v. Wright*, 80 U.S. (13 Wall) 104, 121, 20 L.Ed. 585, 591 (1871). The Limitation Act achieves this purpose by "exempting innocent shipowners from liability, beyond the amount of their interest." *Id.* Therefore, when faced with liability for a maritime accident, a vessel owner may file a petition in federal court seeking protection under the Limitation Act. Provided that the accident in question occurred without the vessel owner's "privity or knowledge," the Limitation Act limits the owner's liability to the value of his interest in the vessel and freight. 46 U.S.C.App. § 183(a); *See also, Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir.1992). After the vessel owner deposits with the district court an amount representing the value of the vessel and its freight (the "limitation fund"), the court stays all related claims against the vessel owner pending in state court and directs all potential claimants to file their claims against the vessel owner in the district court within a specified period of time. *See* 46 U.S.C.App. § 185; Fed. R.Civ.P. Supplemental Rules F(3), F(4);

**1.** Act of Mar. 3, 1851, ch. 43, 9 Stat 635 (codified as amended at 46 U.S.C.App. §§ 181–189).

*see also, In Re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.,* 836 F.2d 750, 755 (2d Cir. 1988).

Thereafter, in a proceeding known as *concursus* (emphasis added), the district court, sitting in admiralty without a jury, determines "whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed." *In re Complaint of Dammers,* 836 F.2d at 755.

■ On the basis of the Limitation Act, therefore, it would appear that federal courts are the exclusive jurisdiction for determining admiralty and maritime claims. The same statute that grants the federal courts exclusive admiralty and maritime jurisdiction "save[s] to suitors all other remedies to which they are otherwise entitled." 28 U.S.C. § 1331(1). The Suitor's Clause embodies a presumption in favor of remedies in the forum of the Davis's choice, including state courts, *See Odeco Oil & Gas Co., Drilling Div. v. Bonnette,* 74 F.3d 671, 674 (5th Cir.1996), but there is no right to a jury in actions instituted in admiralty, and Davis is enjoined from pursuing common law actions in other forums until the issue of the vessel owner's liability is determined in the federal forum. *See Gorman v. Cerasia,* 2 F.3d 519, 524 (3d Cir.1993).

In this case, both Davis and the Vessel Owners selected legitimate forums in which to pursue their claims and, as the famous bard once said: "Ay, there's the rub."[2] Davis sued the Vessel Owners and Claimants in state court; under the Suitor's Clause, that court had jurisdiction to hear Davis's claims. Subsequently, respondent Vessel Owners sought limited liability for Davis's claims in federal court, and the Limitation Act granted the federal court jurisdiction over that action. This case is illustrative of the tension that has developed between the exclusive jurisdiction vested in admiralty courts to determine the vessel owner's right to limited liability and the Suitor's Clause, which provides the injured-plaintiff with common law remedies available in state court. *See In re Complaint of Dammers,* 836 F.2d at 754; *Jefferson Barracks Marine Serv., Inc. v. Casey,* 763 F.2d 1007, 1009 (8th Cir.1985) (stating that [t]he conflict between the Limitation of Liability Act . . . and the "saving to suitors" clause . . . has been troublesome for some courts). Therefore, because of the inherent conflict between the Suitor's Clause and exclusive federal jurisdiction for limitation actions under the Limitation Act, a shipowner's guarantee of a federal admiralty forum is pendulous. *See In Re Complaint of McCarthy Bros. Co./Clark Bridge,* 83 F.3d 821, 827 (7th Cir.1996).

This instant dispute forces us once again to navigate the dissonance between the Vessel Owners' and Claimants' ability to have the limitation action heard in this court, without a jury, and Davis's efforts to have the original action brought in state court, before a jury. Therefore, to unravel this conundrum, we must resolve the variance between the Limitation Act and the Suitor's Clause. The court's "primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine Transp. Co.,* 964 F.2d at 1575. The Supreme Court, however, has cautioned that the Limitation Act does not afford vessel owners *"immunity"* from liability; rather, the Limitation Act *"limits"* the vessel owner's liability (emphasis added). *See Lake Tankers Corp. v. Henn,* 354 U.S. 147, 152–53, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957).

2. WILLIAM SHAKESPEARE, HAMLET, act III, sc. 1.

### 3. The Exceptions to Exclusive, Federal Jurisdiction in Limitation Claims

■ In attempting to resolve this longstanding conflict, the Fifth Circuit has recognized two exceptions to exclusive federal court jurisdiction in limitation actions; that is, the district court must allow a state court action to proceed: "(1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight; and (2) when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right of limitation has been determined by the federal court." *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir.1996); *See also, Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 316 (5th Cir.1995). Therefore, we must decide whether Davis's claim and stipulations dovetail into one of the two exceptions cleaved out by the courts.

### A. The First Exception: Sufficiency of Limitation Fund

The first exception to exclusive federal jurisdiction arises when the limitation fund exceeds the aggregate amount of all the possible claims against the vessel owner. *See Lake Tankers Corp.*, 354 U.S. at 152–53, 77 S.Ct. at 1269. In that situation, a concursus is unnecessary because the claimants need not compete for larger portions of a limited fund. *In re Port Arthur Towing Co.*, 42 F.3d at 316. In short, if the losses claimed do not exceed the value of the vessel, the "shipowner's absolute right to limit its liability is not implicated and the savings to suitors clause dictates that the admiralty court must allow suits pending against the shipowner in a common law forum ... to proceed." *Id.*

Here, the Vessel Owners stipulated the value of the vessel to be $25,000 and filed this amount as surety, thereby creating the limitation fund in the instant proceeding. The Vessel Owners contend that Davis's stipulations are insufficient in that Davis does not concede the sufficiency of the $25,000 surety, nor does he agree not to enforce any judgment up to this amount before the limitation issues have been decided by this court. We disagree.

The first issued raised by the Vessel Owners as been resolved by the Fifth Circuit in Davis's favor. The Fifth Circuit has expressly held that a concession as to the sufficiency of the surety is not a prerequisite to the court imposing a stay of limitation of liability proceedings. *See In re Two "R" Drilling Co.*, 943 F.2d 576, 578 (5th Cir.1991) (explaining that plaintiffs properly stipulated that no judgment would be enforced above the valuation of the vessel and freight contained in the complaint); *See also, Magnolia Marine Transport*, 964 F.2d at 1575 (holding that to be sufficient, stipulations must state than no judgment will be asserted in excess of the value of the limitation fund). Here, Davis stipulates that he will not seek a judgment against the Vessel Owners in excess of the value of the limitation fund. As a result, the Vessel Owners incorrectly assert that Davis must concede to the sufficiency of the Vessel Owner's surety. Furthermore, even assuming that Davis's claim exceeded the limitation fund, if Davis files sufficient stipulations to protect the Vessel Owner, the admiralty court should allow Davis to proceed in state court. *See In the Matter of the Complaint of Lebeouf Bros. Towing Co.*, No. CIV.A.92–2502, 1992 WL 245954, at *2 (E.D.La. Sept.21, 1992). Contrary to the Vessel Owner's contentions, we find Davis's stipulations adequately protect the Vessel Owner's right to litigate limitation issues in federal

court and this court's exclusive jurisdiction over all limitation issues. The stipulations also waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court proceeding. Our analysis continues with the second exception to exclusive federal jurisdiction.

B. *The Second Exception: "All" Claimants Must Stipulate vs. Sufficiency of Stipulations*

The second exception to exclusive federal court jurisdiction may be invoked when "[a single claimant or] all claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that the claimants will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *In re Port Arthur Towing Co.*, 42 F.3d at 316 (citing *Odeco Oil & Gas Co.*, 4 F.3d at 404). Here, Claimants seek to fit within this second exception to exclusive federal jurisdiction, contending that this case presents a multiple-claimant situation; that is, Yamaha and Skeeter, like Davis, have previously or will in the future assert claims of either indemnity or contribution against the Vessel Owners. According to Yamaha and Skeeter, they, like Davis, are also claimants; therefore, this court erred when it issued the order lifting the prosecution of claims on 18 July 2001, because Yamaha and Skeeter did not sign or agree to Davis's stipulations or enter into their own stipulation protecting the Selfs' rights under the Limitation Act. The cusp of Yamaha and Skeeter's position, therefore, is that not *"all"* (emphasis added) of the claimants in this action stipulated as required within the scope of the second exception. While we agree that a multiple-claimant situation exists in this case, we disagree with the Claimant's subsequent reasoning that we erred in lifting the stay of prosecution.

The Claimants correctly point out that the Fifth Circuit has "previously resolved the question of whether parties seeking contribution and/or indemnity are 'claimants' within the meaning of the Limitation Act." *Odeco Oil & Gas Co.*, 74 F.3d at 674 (quoting *In re Complaint of Port Arthur Towing, Co.*, 42 F.3d at 316). In *Odeco Oil and Gas Co.*, the court explained that potential claims for contribution or indemnity asserted by the vessel owner's co-defendants must be considered separately in assessing whether a concursus in the admiralty court is required. *See Odeco Oil & Gas Co.*, 74 F.3d at 675. Moreover, in *In re Port Arthur Towing Co.*, the court reasoned that a claimant includes a co-defendant who asserted a cross claim for indemnification. *See In re Port Arthur Towing Co.*, 42 F.3d at 316. Furthermore, the Claimants correctly maintain that *In re Port Arthur Towing Co.* stands for the proposition that when the sum of the damages being sought by all claimants is greater than the value of the limitation fund, actions in state court cannot proceed unless *all* (emphasis added) claimants enter into a stipulation that sufficiently protects the vessel owner. *See id.*

The Claimants err, however, by too narrowly defining the ultimate issue and scope of this action to one subject only: whether "all" Claimants must either agree with or sign Davis's stipulations or, in the alternative, craft stipulations of their own. Because the Claimants' interpretation of *In re Port Arthur Towing Co.* and *Odeco Oil and Gas Co.* is too narrow, their argument is flawed. Specifically, Claimants' argument ignores the inherent authority of the district court to scrutinize not only whether all claimants entered into stipulations, but also to measure the overall sufficiency of existing stipulations to protect the vessel owner from excess liability, regardless of whether all claimants entered into,

signed, or crafted their own stipulation(s). The Supreme Court has recently addressed the extensive scope of the district court's discretion when examining stipulations in limitation proceedings.

### 4. Sufficiency of Davis's Stipulations

The Supreme Court has made pellucid the district court's role when confronting the friction between the Limitation Act and the Suitors Clause. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 121 S.Ct. 993, 148 L.Ed.2d 931. "District courts have ... discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court.... where the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion." *Id.* at 1004. The Supreme Court, then, provides the district courts with broad discretion when deciding whether a parties's stipulations adequately protect vessel owners. In order to satisfy itself that a vessel owner's right to seek limitation will be protected, a court has the ability to closely screen protective stipulations.

For example, the Second Circuit, in *In re Complaint of Dammers*, has held that the vessel owner can be protected from excess liability at the hands of third parties even if those third parties themselves do not enter any protective stipulation. *See In re Complaint of Dammers*, 836 F.2d at 758–59. In that case, the damage claimants entered the following stipulation:

> [I]n the event there is a judgment or recovery in *any* State Court *actions* in excess of [the limitation fund] whether against the [vessel owners], or any other liable parties who may cross-claim or claim over against the [vessel owners], in no event will [the damage claimants] seek to enforce said excess judgment or recovery insofar as same may expose the [vessel owners] to liability in excess

> of [the limitation fund] pending the adjudication of Limitation Liability in the District Court.

*Id.* at 759. Even though none of the vessel owner's co-defendants entered stipulations, the court held the above-outlined stipulation to be sufficient to protect the vessel owners from excess liability at the hands of third parties. *Id.* Afterwards, the court permitted the damage claimants to proceed against the vessel owner in state court. *Id.*

Since *In re Complaint of Dammers*, the Fifth Circuit has upheld stipulations that mirror the stipulation approved above. *See In re Two "R" Drilling Co., Inc.*, 943 F.2d 576, 578 (5th Cir.1991)(holding that even in a multiple claimant situation, a court can lift the stay and allow state court suits if the claimants enter a stipulation that the court determines will adequately protect the limitation plaintiff under the Limitation Act, including a stipulation that will protect the limitation plaintiff against third party indemnification claims); *see also,; Kattelman v. Otis Eng'g Corp.*, 696 F.Supp. 1111, 1116 (E.D.La.1988) (finding sufficient a stipulation that prevented third party cross-claims for indemnification or contribution from being in excess of the limitation fund).

Here, the damage-claimant, Davis, cured the problem posed by Yamaha and Skeeter by stipulating the following:

> Respondent will not seek to enforce any judgment exposing petitioners to liability in excess of the ultimately determined limitation fund, whether by enforcement against petitioners themselves or by enforcement against any third parties entitled to indemnity or contribution from petitioners.

*See* Resp't Alternative Stipulations, ¶ 4. In our view, this stipulation is similar to the stipulations courts have approved in *In re Two "R" Drilling Co., Inc., Kattelman v. Otis Eng'g Corp.*, and *In re Complaint of*

*Dammers,* thereby remedying Claimants contention that all claimants must enter into a stipulation.

Here, Yamaha and Skeeter's third party claims against the Vessel Owners are based solely on their liability to Davis. Furthermore, Davis has promised not to enforce any other court judgment that would expose the Vessel Owners to liability in excess of the limitation fund against any party, including the Claimants, Yamaha and Skeeter, until the Vessel Owners' right to limitation is adjudicated in this court. Therefore, by giving up such claims unless and until limitation is denied, Davis has eliminated the possibility that competing claims will exhaust the limitation fund before the admiralty court has the opportunity to determine whether to grant limited liability to the Vessel Owners. Additionally, this court is convinced that Davis's remaining stipulations fully protect the Vessel Owner's rights under the Limitation Act.

Juxtaposing the facts of this case and the law outlined in the foregoing analysis, neither the Vessel Owners nor Claimants have met the standard of review set forth in Rule 59(e) of the FRCP. When viewed through the lens of Rule 59(e), this court must deny the Vessel Owners and Claimants motion because neither party has presented any additional evidence, explanation, or legal support that convinces this court that it should alter or amend it earlier order. The court stands by its earlier ruling on this matter.

### III. CONCLUSION

For the reasons given above, this court DENIES the Vessel Owners and Claimants' motion to alter or amend judgment.

Alexandria, Louisiana