United States Court of Appeals,

Fifth Circuit.

No. 95-30041.

ODECO OIL AND GAS COMPANY, DRILLING DIVISION and Odeco Drilling Services, Inc., Plaintiffs-Appellants,

v.

David J. BONNETTE, et al., Defendants-Appellees,

Shell Oil Company and Shell Offshore Inc., Movants-Appellees.

Feb. 14, 1996.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before WIENER, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Odeco Oil & Gas Company and Odeco Drilling Services, Inc. (collectively "Odeco") appeal the district court's order partially lifting its stay of a tort action in Texas state court in which Odeco is a defendant. We vacate and remand.

I

While conducting safety drills on a fixed platform in the Gulf of Mexico, five Odeco employees were injured when an escape capsule free-fell ninety feet, and crashed into the ocean.[1] Fearing litigation, Odeco filed a declaratory judgment action in federal court and sought to limit its liability pursuant to the Limited Liability Act, 46 U.S.C.App. § 183 *et seq.* ("Limitation Act"). The

---

[1]The facts and procedural history of this case are more fully developed in a prior opinion. *See Odeco Oil & Gas Co., Drilling Division v. Bonnette,* 4 F.3d 401 (5th Cir.1993) ("*Odeco I*"), *cert. denied,* --- U.S. ----, 114 S.Ct. 1370, 128 L.Ed.2d 47 (1994).

1

district court stayed all litigation against Odeco arising out of the incident in order to determine Odeco's right to limitation.

Four of the injured parties ("injured claimants") then filed suit in Texas state court, and filed a motion in federal district court to lift the stay preventing them from suing Odeco in state court. In accordance with principles of maritime law, the injured claimants stipulated to Odeco's right to limit its liability in federal court. The district court granted the injured claimants' motion to lift the stay, and dismissed Odeco's declaratory judgment action. On appeal, we affirmed the dismissal of Odeco's declaratory judgment action, but vacated the district court's lifting of the stay. We were concerned that potential claims for contribution and indemnity in the state court proceeding could, without proper stipulations, frustrate Odeco's right to limit its liability. We remanded the case to the district court to consider the effects of any potential claims for contribution and indemnity on Odeco's right to limitation. *Odeco Oil & Gas Co., Drilling Division v. Bonnette,* 4 F.3d 401, 405 (5th Cir.1993) ("*Odeco I*"), *cert. denied,* --- U.S. ----, 114 S.Ct. 1370, 128 L.Ed.2d 47 (1994).

On remand, the district court allowed state-court defendants Shell Oil Company and Shell Offshore, Inc. (collectively "Shell"), and Whittaker Corporation[2] to file contribution and indemnity claims against Odeco in both state court and in the limitation

---

[2]Shell owned and operated the fixed platform upon which the accident occurred. Whittaker Corporation designed and manufactured the capsule.

2

proceeding.[3]  Shell and Whittaker Corporation would not, however, stipulate as to Odeco's right to limitation.  In order to proceed in state court, the injured claimants entered into a "Second Amended Stipulation" designed to protect Odeco's right to limitation vis-a-vis Shell's and Whittaker Corporation's claims for contribution and indemnity.[4]  The district court ruled the stipulation adequate, and partially lifted its stay to allow the tort action in state court to proceed against Odeco and the other defendants.[5]  Odeco appeals, asserting that the district court erred in partially lifting the stay.  Odeco claims that the Second

---

[3]Whittaker Corporation seeks contribution from Odeco in the event that Whittaker is found liable to the injured claimants. Shell seeks indemnity for defense costs and attorneys' fees along with legal and contractual indemnity and contribution should Shell be held liable.

[4]The claimants stipulated that all issues of limitation would be litigated in federal court, free from any claims of *res judicata.*  The claimants also stipulated that they would not seek recovery from Odeco in excess of $30,000, until the district court had determined Odeco's right to limitation.  Nor would the claimants pursue claims against Shell and Whittaker in excess of $30,000 to the extent that those claims would flow back to Odeco and expose Odeco to total liability in excess of $30,000.  The claimants further stipulated that Shell's and Whittaker Corporation's defense indemnification claims against Odeco, for attorney's fees and costs, would take precedence over any recovery by the claimants.  We note that the $30,000 figure is the alleged value of the vessel and its freight, the true value of which has not been determined by the district court.

[5]The district court's order allows the injured claimants to pursue their claims in state court against all defendants, Shell to pursue its claims against Odeco for legal and contractual indemnity and contribution, and Whittaker Corporation to pursue its claim against Odeco for contribution.  The district court maintained the stay in all other respects, including disallowing Shell from pursuing its claim for defense indemnification and attorneys' fees.  The order also precludes Shell and Whittaker Corporation from utilizing *res judicata* or issue preclusion to undermine Odeco's right to limitation.

3

Amended Stipulation inadequately protects its rights under the Limitation Act.

## II

Whether a stipulation adequately protects a party's rights under the Limitation Act is a question of law which we review *de novo*. *See In re Complaint of Port Arthur Towing Co. ex rel. M/V MISS CAROLYN,* 42 F.3d 312, 316-17 (5th Cir.) (reviewing *de novo* the adequacy of a stipulation under the Limitation Act), *cert. denied,* --- U.S. ----, 116 S.Ct. 87, 133 L.Ed.2d 44 (1995). We review a district court's decision to lift a stay for abuse of discretion. *Id.* at 317; *Magnolia Marine Transport Co. v. LaPlace Towing Corp.,* 964 F.2d 1571, 1582 (5th Cir.1992).

A shipowner facing potential liability for an accident occurring on the high seas may file suit in federal court seeking protection under the Limitation Act. The Limitation Act allows a shipowner, lacking privity or knowledge, to limit liability for damages arising from a maritime accident to the "amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C.App. § 183(a). The Limitation Act is designed to protect shipowners in those cases in which "the losses claimed exceed the value of the vessel and freight." *Magnolia Marine Transport Co.,* 964 F.2d at 1575. A shipowner's right to limitation, however, is cabined by the "saving to suitors" clause. *See* 28 U.S.C. § 1333(1) (giving federal district courts exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction," but "saving to suitors in all cases all other

4

remedies to which they are otherwise entitled"). The saving to suitors clause evinces a preference for jury trials and common law remedies in the forum of the claimant's choice. *See Magnolia Marine Transport Co.,* 964 F.2d at 1575 (citing *In re Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.,* 836 F.2d 750, 754 (2d Cir.1988)). Although tension exists between the Limitation Act and the saving to suitors clause, "the [district] court's primary concern is to protect the shipowner's absolute right to claim the Acts's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine Transport Co.,* 964 F.2d at 1575.

In mediating between the right of shipowners to limit their liability in federal court and the rights of claimants to sue in the forum of their choice, federal courts have developed two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court. *See, e.g., Texaco, Inc. v. Williams,* 47 F.3d 765, 768 (5th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 275, 133 L.Ed.2d 196 (1995). In both instances, allowing the state court action to proceed is contingent on protecting the "absolute" right of the

5

shipowner to limit his or her liability.  *In re Complaint of Port Arthur Towing Co.,* 42 F.3d at 316;  *Odeco I,* 4 F.3d at 405.

At issue in this case is whether the Second Amended Stipulation adequately protects Odeco's right to limit its liability.  Specifically, the question before this court is whether the parties seeking contribution and indemnity are "claimants" within the meaning of the Limitation Act, and therefore must actually sign the stipulation before the injured claimants may proceed in state court.[6]

We believe that we have previously resolved the question of whether parties seeking contribution and indemnity are "claimants" within the meaning of the Limitation Act.  *See In re Complaint of Port Arthur Towing, Co.,* 42 F.3d at 316 (recognizing that "a "claimant' in this context includes a codefendant who is asserting a cross claim for indemnification, costs, and attorneys' fees");  *Odeco I,* 4 F.3d at 405 (vacating stay to allow the district court to examine possible claims for contribution and indemnity because those claims "if preserved and matured, could cause a multiple

_____

[6]The injured claimants argue on appeal that the district court abused its discretion in allowing Shell and Whittaker Corporation to file their cross-claims for contribution and indemnity after the time for filing such claims had expired.  *See* Supplemental Rules for Certain Admiralty and Maritime Claims F(4) (setting forth procedures by which the district court shall limit the amount of time to file claims in the limitation proceeding, but allowing that "[f]or cause shown, the court may enlarge the time within which claims may be filed").  It is within the district court's sound discretion to allow or deny the filing of claims outside the prescribed time period. *Lloyd's Leasing Ltd. v. Bates,* 902 F.2d 368, 371 (5th Cir.1990).  After careful review of the record, we cannot say the district court abused its discretion in allowing Shell and Whittaker Corporation to file their claims after the claims period expired.

6

claimant-inadequate fund situation to arise"); *see also Gorman v. Cerasia,* 2 F.3d 519, 525 (3d Cir.1993) (noting that "all courts have recognized that a multiple claimant situation exists where a third party seeking indemnity or contribution also requests attorneys' fees and costs associated with its claim"). Codefendant cross-claims for indemnity and contribution are liabilities that must be addressed in order to protect the shipowner's rights under the Limitation Act. *See Gorman,* 2 F.3d at 526-27, 528 (explaining how claims for indemnity and contribution, as well as claims for attorneys' fees, can frustrate a shipowner's right to limitation). Therefore, parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act.

As we have previously held, in order to proceed in state court, *all claimants* must sign the stipulation protecting the shipowner's rights under the Limitation Act. *In re Complaint of Port Arthur Towing, Co.,* 42 F.3d at 316. This rule is a prudent attempt to balance the inherent conflict between the Limitation Act and saving to suitors clause. Although the claimants' interest in litigating in the forum of their choice is substantial, we will accede to that choice only "*if* it is accompanied by stipulations fully protecting Odeco's right to limit liability and agreeing to abide by an admiralty court determination of the right to limit." *Odeco I,* 4 F.3d at 405. The shipowner's right to limitation takes precedence over the claimant's rights to proceed in the forum of their choice.

7

Faced with Shell's and Whittaker Corporation's unwillingness to sign a stipulation, the district court made a valiant effort to both protect Odeco's rights, and allow the injured claimants to proceed in state court. The injured claimants, however, have only partial control over Odeco's potential liabilities. The amount of Odeco's liability to Shell is governed not only by the amount the injured claimants recover, but also by an agreement between the defendants which specifies how liability, defense costs, and other losses will be shared. In addition, the record indicates that Whittaker Corporation may seek indemnification from Odeco for its defense costs. We are not in a position to predict the possible developments in the state court proceedings. Given, for example, the differing applications of state indemnity law, and the possible differing interpretations of indemnification and contribution agreements, we cannot be certain that the Second Amended Stipulation, signed solely by the injured claimants, will fully protect Odeco's limitation rights. Without such certainty, the federal forum must remain the sole forum for adjudicating the claims against Odeco. *See Odeco I,* 4 F.3d at 405 n. 7 (explaining that *Pershing Auto Rentals, Inc. v. Gaffney,* 279 F.2d 546 (5th Cir.1960), mandates that the federal forum remain the sole forum unless all claimants stipulate as to the shipowner's right to limitation). Accordingly, we hold that the district court abused its discretion in allowing the state court action to proceed in the absence of a stipulation, agreed to by all claimants, protecting

Odeco's right to limitation.[7]

### III

We VACATE the district court's order partially lifting the stay of the Texas state court proceedings and REMAND for further proceedings consistent with this opinion.

---

[7]Odeco also argues that in order for a stipulation to adequately protect a shipowner's rights, it must recognize a shipowner's right to seek "exoneration" in federal court. Exoneration is not mentioned in the Limitation Act, but the Supplemental Rules for Certain Admiralty and Maritime Claims states that a complaint seeking limitation may also demand exoneration. *See* Supplemental Rules for Certain Admiralty and Maritime Claims F(1) ("The complaint may demand exoneration from as well as limitation of liability."). Although we have noted that "shipowners routinely seek exoneration and limitation of liability in the alternative," *Texaco, Inc.,* 47 F.3d at 769, we have never held that exoneration is a necessary element in every stipulation. Having determined that the stipulation, as written, inadequately protects Odeco's rights to limitation, we need not decide whether exoneration is a necessary element of an adequate stipulation. The district court declined to include exoneration in the stipulation, and made no explicit findings concerning Odeco's desire to seek it. Accordingly, we leave this question to a subsequent case where the issue is more squarely presented.