In the Matter of TIDEWATER INC., Tidewater Marine, Inc. and Gulf Fleet Supply Vessels, Inc., Owners and/or Owners Pro Hac Vice of The M/V Sage.

Civil Action No. 95–3181.

United States District Court,
E.D. Louisiana.

Sept. 25, 1996.

---

Susan Stagg Robinson, Louis Simon, II, Melissa L. Theriot, Laborde & Neuner, Lafayette, LA, for Tidewater Inc., Tidewater Marine Inc., Gulf Fleet Supply Vessels, Inc., owners and/or owners pro hac vice of the MV Sage.

Timothy John Falcon, Law Office of Timothy J. Falcon, Marrero, LA, for Karin Simmons, individually and on behalf of the estate of Darby Simmons.

Donald Richard Abaunza, William W. Pugh, David Latham Reisman, Liskow & Lewis, New Orleans, LA, for Anadarko Petroleum Corporation.

Lawrence D. Wiedemann, Karl Wiedemann, Wiedemann & Wiedemann, New Orleans, LA, for Benjamin E. Peters.

Edward Settoon Johnson, Cindy Teresa Matherne, Johnson, Johnson, et al., New Orleans, LA, for Pool Company.

Sidney Daniel Meeks, Jean Paul Picou Overton, Reich, Meeks & Treadaway, Metairie, LA, for Signal Mutual Indemnity Association, Ltd.

## ORDER DENYING MOTION TO LIFT STAY OF OTHER LITIGATION

VANCE, District Judge.

This matter is before the Court on claimant Benjamin Peters' motion to lift the stay restraining the prosecution of claimant's state court suit and to abstain from the present limitation of liability action pending resolution of the claimant's state court action. For the reasons stated below, the Court denies claimant's motion in its entirety.

### I. BACKGROUND

On or about November 28, 1994, Darby Simmons, a roustabout employed by Pool Company, was struck by a cement unit and later died. Claimant, Benjamin Peters ("Peters"), filed a suit in the Civil District Court, for the Parish of Orleans, State of Louisiana, on or about April 5, 1995, for alleged emotional injuries resulting from his witnessing the fatal accident.

On September 27, 1995, petitioners Tidewater, Inc., Tidewater Marine, Inc., Gulf Fleet Supply Vessels, Inc., Owners and/or Owners pro hac vice of the M/V SAGE (hereinafter collectively referred to as "Tidewater") filed a Petition for Exoneration from and/or Limitation of Liability under 46 U.S.C.App. §§ 181–189 with this Court. After Tidewater stipulated to the value of the M/V SAGE at $2,200,000 and provided a bond for value and costs, this Court, on September 27, 1995, issued an Order approv-

ing the bond, admonishing all claimants to file claims, and staying the prosecution of all other actions against Tidewater resulting from the November 28, 1994 accident—including Peters' state court suit.

Peters now moves the Court to lift the stay so that he may pursue his state court action. To that end, Peters has filed a stipulation regarding his rights under Tidewater's exoneration and limitation of liability action, in which he provides that:

1. Claimant, Benjamin Peters, hereby concedes that petitioners, Tidewater Inc., Tidewater Marine, Inc., are entitled to and have the right to litigate all issues relating to Limitation of Liability pursuant to the provisions of 46 U.S.C. § 182–189 in this Court, but claimant respectfully reserves the right to deny and contest in this Court all assertions and allegations made by Tidewater in the Complaint for Limitation filed herein.

2. Claimant herein will not seek in the action pending, in the Civil District Court for the Parish of Orleans, State of Louisiana, any Judgment or ruling on the issue of Tidewater's right to limitation of liability; and hereby consents to waive any claim of res judicata relevant to the issue of Limitation of Liability based on any judgment that may be rendered in said state court action.

3. Claimant herein, while not stipulating to or agreeing to $2,200,000.00 as the combined value of petitioner's interest in the vessel M/V SAGE and her pending freight, hereby stipulating that in the event there is a judgment or recovery in the state court action in excess of $2,200,000.00 whether against Tidewater or any other

liable party or parties who may make cross-claims against Tidewater, in no event will claimant herein seek to enforce that excess judgment or recovery insofar as same may expose Tidewater, to liability in excess of $2,200,000.00 pending the adjudication of the Complaint of Limitation of Liability in this Court.

4. Claimant herein stipulates and agrees that if Tidewater is held responsible for attorney's fees and costs which may be assessed against it by a co-liable defendant, a party seeking indemnification for attorney's fees and costs, such claim shall have priority over the claim of claimants herein.

Record Doc. No. 34, Claimant's Stipulations. The Court must now determine whether claimant's stipulation is adequate to protect Tidewater's statutory rights.

## II. *DISCUSSION*

The central issue before this Court involves a "recurring and inherent conflict" between the exclusive jurisdiction vested in federal admiralty courts by the Limitation of Liability Act, 46 U.S.C.App. § 181, *et seq.*[1] and the common law remedies embodied in the saving to suitors clause of 28 U.S.C. § 1333.[2] *Texaco, Inc. v. Williams,* 47 F.3d 765, 767 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 275, 133 L.Ed.2d 196 (1995) (quoting *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.,* 836 F.2d 750, 754 (2d Cir.1988). The conflict results because "one statute [gives the complainant] the right to a common-law remedy, which he [may seek] in the state court; and another statute [gives the shipowner] the right to

---

1. 46 U.S.C.App. § 183(a) provides, in pertinent part, that:

    The liability of the owner of any vessel, whether American or foreign, for any ... loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending. 46 U.S.C.App. § 183(a). 46 U.S.C.App. § 185 further provides, in pertinent part, that:

    The vessel owner, within six months after a claimant shall have given to or filed with such

owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter.... 46 U.S.C.App. § 185.

2. 28 U.S.C. § 1333(1) provides that:

    The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
    (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. 28 U.S.C. § 1333.

seek a limitation of liability in the federal district court." *Langnes v. Green*, 282 U.S. 531, 539–40, 51 S.Ct. 243, 246, 75 L.Ed. 520 (1931). In attempting to resolve this long-standing conflict, the Supreme Court has created two circumstances under which claimants may proceed outside the exclusive jurisdiction of the federal admiralty court: (1) single claimant-inadequate fund cases and (2) multiple claimant-adequate fund cases. *See Lake Tankers Corporation v. Henn*, 354 U.S. 147, 151–52, 77 S.Ct. 1269, 1271–72, 1 L.Ed.2d 1246 (1957); *Odeco Oil and Gas Company, Drilling Division v. Bonnette*, 4 F.3d 401, 404 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1370, 128 L.Ed.2d 47 (1994) ("Odeco I").

In single claimant-inadequate fund cases, courts have lifted the stay against other proceedings if the claimant stipulated to the admiralty court's exclusive jurisdiction to determine all issues relating to exoneration and/or limitation of liability. While the Supreme Court has yet to extend this exception to multiple claimant cases with inadequate funds, the Fifth Circuit has allowed multiple claimants to pursue their state law claims, provided that "the stipulations cover *all* potential claimants and adequately protect [the vessel owner's] right to receive exoneration or to limit liability." *Texaco*, 47 F.3d at 770 (emphasis added). *See also Magnolia Marine Transport Company, Inc. v. Laplace Towing Corporation*, 964 F.2d 1571, 1575–76 (5th Cir.1992) ("even in multiple-claimant cases, the admiralty court still should allow state court claims to proceed under the proper stipulation").

▮ The parties disagree about whether this is a single claimant or multiple claimant case. Peters asserts that he is the sole claimant for purposes of the Limitation Act and reasons that his state court suit should not be enjoined because it falls squarely under the first of the two circumstances set forth by the Supreme Court. Tidewater, on the other hand, maintains that this is a multiple claim scenario, because, in addition to Peter's claim, there is an indemnity claim asserted by Pool Company ("Pool"), his employer, and Signal Mutual Insurance Company, Pool's carrier, for medical benefits owed

to Peters. Peters concedes the existence of the indemnity claims but argues that indemnity claims do not count for purposes of the Limitation Act.

Peters' argument is incorrect. The Fifth Circuit has explicitly found that "parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act." *Odeco Oil and Gas Company, Drilling Division v. Bonnette*, 74 F.3d 671, 675 (5th Cir.), *petition for cert. filed*, 65 USLW 3001 (June 18, 1996) ("Odeco II"). *See also In re Complaint of Port Arthur Towing, Company*, 42 F.3d 312, 316 (recognizing that "a 'claimant' in this context includes a codefendant who is asserting a cross claim for indemnification, costs, and attorneys' fees"); *Odeco I*, 4 F.3d at 405 (vacating stay to allow the district court to examine possible claims for contribution and indemnity because those claims "if preserved and matured, could cause a multiple claimant-inadequate fund situation to arise"); *Gorman v. Cerasia*, 2 F.3d 519, 525 (3d Cir.1993) (noting that "all courts have recognized that a multiple claimant situation exists where a third party seeking indemnity or contribution also requests attorneys' fees and costs associated with its claim"). Thus, it is clear that the instant case involves a multiple-claimant situation and the stay cannot be lifted unless *all* potential claimants are covered by the stipulation. *See Texaco*, 47 F.3d at 770.

▮ Moreover, the Fifth Circuit has held that in multiple-claimant situations, simply giving the parties who seek indemnity priority over the claims of the claimants was inadequate. Therefore, under the law of this circuit, all parties must sign the stipulation. *See Odeco II*, 74 F.3d at 673 n. 4, 675; *In the Matter of Falcon Drilling Company, Inc.*, 1996 WL 363445 at *2 (E.D.La.1996). Since Peters' stipulation does not cover the indemnification claims asserted by Pool Company and Signal Mutual Insurance Company, the Court finds that Peters' stipulation is deficient.

Peters' stipulation is further deficient in that it does not take into account that this is an action for exoneration as well as limitation of liability. The Court notes that the Fifth

Circuit has yet to address the issue squarely of whether exoneration is a necessary element in every stipulation. In *Odeco II,* for example, the court declined to reach this issue because it found the plaintiffs' stipulations inadequate for other reasons. *Odeco II,* 74 F.3d at 675. In *Texaco,* the court found that it did not need to rule on the issue because the claimants had protected the shipowner's right to litigate the issue of exoneration in federal court by stipulation. *Texaco,* 47 F.3d at 769 (stipulation that "limitation court is not bound by any decisions by other courts on issues relating to limitation of liability *and* exoneration" sufficiently protects shipowner's right to litigate the issue of exoneration in federal court). *Id.* (emphasis added). *See also Magnolia Marine,* 964 F.2d at 1575 n. 1 (stipulation covered exoneration).

This issue, however, has squarely been addressed by this Court before. In *Falcon Drilling Company,* this Court, found a stipulation similar to the one in the instant case inadequate because it failed to cover exoneration. *See Falcon Drilling Company,* 1996 WL 363445 at *1. The Court reasoned that it would not adequately protect the rights of the party seeking exoneration in federal court to allow a state court action to proceed in which it could be held liable for an amount up to the limitation bond. *Id.* Thus, while Peters agrees not to enforce any judgment(s) that exceed the limitation fund of $2,200,-000.00 until after the limitation action, he is presumably free to collect any judgment(s) below the limitation. As the stipulation is currently worded, Tidewater may be exonerated in the limitation action, but may be forced to pay out a state court judgment of up to $2,200,000. In light of this Court's earlier ruling in *Falcon Drilling,* it also finds Peters' stipulation to be inadequate because it fails to protect Tidewater's right to litigate the issue of exoneration in federal court.

The Court finds Peters' stipulation inadequate for the further reason that it offers protection only from the single lawsuit that he already filed in state court. Under the present wording of the stipulation, Tidewater is not protected from other actions filed in other federal or state courts. Unless Peters stipulates that he will not seek to enforce *any* judgment exceeding the amount of the limitation fund prior to the determination of the limitation proceeding, Tidewater's interests will not be adequately protected.

Finally, Peters' motion was filed in violation of the Preliminary Conference Order, which established a deadline for filing all pretrial motions to allow hearing no later than 30 days prior to trial. As Local Rule 2.02E requires that motions be filed at least 15 days prior to hearing, and trial is set for the week beginning October 7, 1996, the deadline for filing motions was August 23, 1996 and the deadline for hearings was September 6, 1996. According to the Preliminary Conference Order, "[a]ny motion filed for hearing in violation of this order shall be deemed waived unless good cause is shown." Record Doc. No. 21 at 1. Peters has failed to provide any explanation for the lateness of his motion. Tidewater's complaint for exoneration from and/or limitation of liability was filed in September 1995, giving Peters almost a full year to file his motion to lift the stay. Given the imminence of the trial date, this Court will not entertain any further motions to lift the stay, even if the deficiencies discussed herein are sufficiently addressed.

Finally, Peters requests that this Court abstain from hearing the limitation of liability proceeding, while allowing the state court action to go forward. Peters cites no authority to support his request and gives no reason why the determination of issues relevant to exoneration from and limitation of liability should not go forward as scheduled. Peters simply notes that by abstaining from the limitation of liability action, this Court will likely be "spared" the necessity of hearing any limitation issues at all. There is no authority for this Court to abstain from hearing the limitation of liability action, which Congress authorized the federal courts to hear. 46 U.S.C.App. § 181, *et seq.* Moreover, the most equitable course of action would be to deny Peters' request for abstention. Trial on the issues of exoneration and limitation of liability is scheduled to begin in three weeks and will both streamline issues in the state court proceeding and clarify ex-

380

posure of the parties for the enhancement of settlement negotiations. Accordingly,

**IT IS ORDERED** that Peters' motion to lift the Court's stay of state court proceedings is hereby **DENIED.**

**IT IS FURTHER ORDERED** that no further motions to lift the Court's stay of state court proceedings will be heard prior to trial.

**IT IS FURTHER ORDERED** that Peters' request for equitable abstention is hereby **DENIED.**