**In the Matter of THE COMPLAINT OF KIRBY INLAND MARINE, L.P. As Owner and Operator of the T/B Hollywood Chem 134 for Exoneration from or Limitation of Liability**

No. CIV.A. G–02–383.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 2, 2002.

Steven Lynn Roberts, Christopher Bowen Daniels, Fulbright & Jaworski LP, Houston, TX, for Plaintiff.

Arthur Thomas Kajander, Kajander & Greene, Houston, TX, for Defendant.

### ORDER DENYING CLAIMANTS' MOTION TO LIFT STAY

KENT, District Judge.

On October 25, 2000, Claimant Charles Herman allegedly injured himself when he fell from the main deck of the vessel T/B HOLLYWOOD CHEM 134 into the hopper while performing longshore duties. Based on this alleged accident, Charles Herman and his wife, Mary Jane, (the "Hermans") filed suit in the 212th Judicial District Court in Galveston County, Texas, asserting claims based on fault, negligence, strict liability, and unseaworthiness against the owner of the vessel, Kirby Inland Marine, L.P. ("Kirby"), the T/B HOLLYWOOD CHEM 134, Tug Josephine, Inc., and Intercontinental Terminals Management Company ("ITC"). In response, Kirby filed this action under the Limitation of Vessel Owners Liability Act, 46 U.S.C.App. § 181 *et seq.* (the "Limitation Act"). On June 6, 2002, this Court issued an Order staying the Hermans' state-court action until the resolution of the instant action before this Court. The Hermans filed their answer and claims in this action; Tug Josephine filed an answer and claim against Kirby for indemnity and contribution if Tug Josephine is found liable to the Hermans; and ITC filed an answer and claim against Kirby for contribution and attorneys' fees if ITC is found liable to the Hermans.

### I.

On September 25, 2002, the Hermans filed Claimants' Stipulations and Motion to Lift Stay. The Hermans made the following concessions and stipulations: (1) Kirby is entitled to litigate all issues relating to limitation of liability in this Court; (2) the Hermans waive any claim of res judicata relevant to limitation of liability based on any judgment in the state-court action; (3) this Court has exclusive jurisdiction to determine all issues relating to limitation of liability in this case; (4) the Hermans will not assert any judgment in excess of the limitation fund against Kirby; (5) to the extent the state-court action yields a judgment in excess of the limitation fund, the Hermans will not seek to enforce it insofar as it may expose Kirby to liability in excess of $835,854.45, pending the adjudication of the limitation action in this Court; (6) any claims for attorneys' fees and costs assessed by a liable co-defendant or party seeking indemnification for attorneys' fees and costs shall have priority over the Hermans' claims; and (7) Charles Herman's claims have priority over Mary Jane Herman's claims. In light of these concessions and stipulations, the Hermans asked this Court to lift the stay of the state-court proceedings.

### II.

Federal courts have exclusive admiralty jurisdiction over actions to determine whether a vessel owner is entitled to

limited liability. *Beiswenger Enters. Corp. v. Carletta,* 86 F.3d 1032, 1036–37 (11th Cir.1996) (citing *Ex Parte Green,* 286 U.S. 437, 439–40, 52 S.Ct. 602, 603, 76 L.Ed. 1212 (1932)). As in all cases brought pursuant to admiralty jurisdiction, there is no right to a jury trial in limitation proceedings. *Beiswenger,* 86 F.3d at 1037. But the statute granting admiralty jurisdiction to federal courts also saves to suitors "all other remedies to which they are otherwise entitled." *Id.* (quoting 28 U.S.C. § 1333(1)). Courts interpret this "saving to suitors" clause as "evinc[ing] a preference for jury trials and common law remedies in the forum of the claimant's choice." *Odeco Oil & Gas Co. v. Bonnette,* 74 F.3d 671, 674 (5th Cir.1996) ("*Odeco II*"). Thus, tension exists between exclusive admiralty (non-jury) jurisdiction in limitation proceedings and the preferences suggested by the saving to suitors clause. The Fifth Circuit has resolved this tension by holding that "the [district] court's primary concern is to protect the shipowner's absolute right to claim the [Limitation] Act's liability cap, and to reserve adjudication of that right in the federal forum." *Id.* (quoting *Magnolia Marine Transp. Co. v. Laplace Towing Corp.,* 964 F.2d 1571, 1575 (5th Cir.1992)). But federal courts have identified two situations in which a district court must allow a state-court action to proceed, despite a pending limitation action: (1) when the total amount of the claims does not exceed the vessel's declared value; and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation action, and *all claimants* stipulate that they will not seek to enforce a judgment exceeding the declared value until the federal court has determined the shipowner's rights in the limitation action. *See Odeco II,* 74 F.3d at 674.

The Hermans have stipulated that this Court has exclusive jurisdiction over the limitation action and that they will not seek to enforce a judgment in excess of the declared value of $834,854.45 until this Court determines Kirby's rights to limitation.[1] "Claimants," however, include parties seeking indemnification, contribution, costs, and attorneys' fees. *See id.* at 675. Thus, in this case, Tug Josephine and ITC are also "claimants," and they have not made the required stipulations.

Although the Second and Eleventh Circuits have held that stipulations similar to the Hermans' stipulation not to enforce any judgment "insofar as same may expose Kirby Inland Marine, L.P. to liability in excess of $835,854.45" are sufficient to protect shipowners from excess liability at the hands of third parties like Tug Josephine and ITC, *see Beiswenger,* 86 F.3d at 1043; *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.,* 836 F.2d 750, 758–59 (2d Cir.1988), the Fifth Circuit jurisprudence on this issue remains clear: *all claimants* must agree to the required stipulations. *See In re ADM/Growmark River Sys., Inc.,* 234 F.3d 881, 885–86 (5th Cir.2000); *Odeco II,* 74 F.3d at 675. Because Tug Josephine and ITC have not joined the Hermans' stipulations, this Court cannot lift its stay of the state-court case.

The Court notes that the Hermans have done everything *they* can do to work within the spirit of the Limitation Act, but the Hermans do not have complete control over Kirby's potential liabilities in the state-court case. For example, if ITC is found liable to the Hermans, it will seek to recover its defense costs and attorneys' fees from Kirby-liabilities over which the Hermans have no control. *See Odeco II,* 74 F.3d at 675. Thus, the Hermans' stipu-

---

1. The Hermans do not allege that the total amount of all claims is less than the declared value of the vessel. Thus, the first exception is not implicated.

lations cannot ensure Kirby's absolute right to limit its liability, and this Court cannot lift the stay.

### III.

For the reasons articulated above, the Court hereby **DENIES** Claimants' Motion to Lift the Stay in the state-court proceedings. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**