In the Matter of the COMPLAINT OF KIRBY INLAND MARINE, L.P. as Demise Charterer of the T/B KIRBY 7304, Petitioning for Exoneration from or Limitation of Liability

No. CIV.A. 04–611–B–2.

United States District Court, M.D. Louisiana.

March 22, 2005.

---

60. *See* affidavit of Ira Vaughn, paragraph 14.

61. *Baby Dolls,* 295 F.3d at 477.

George A. Frilot, III, Kerry J. Miller, Joseph Dwight Leblanc, III, Lara Namer Dicristina, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, Kai David Midboe, William G. Davis, Jennifer Ann Fiore, Milling, Benson, Woodward, LLP, Baton Rouge, LA, for Debtor.

Denise Ann Vinet, Vinet & Vinet, Donna Unkel Grodner, Grodner and Associates, APLC, Baton Rouge, LA, Jennings Bryan Jones, III, Lake Charles, LA, for Claimant.

**District Court Ruling on Appeal to District Judge of Ruling on Motion for Reconsideration of an Order Noting Default and Ruling on Motions for Leave to File Late Amended Third and Fourth Claims**

POLOZOLA, Chief Judge.

This matter is before the Court on an appeal taken by the claimants from a ruling by the Magistrate Judge which denied claimants the right to file a late third and fourth amended claim.[1] Because the Court believes the Magistrate Judge correctly applied the law to the facts of this case, the decision of the Magistrate Judge is affirmed.

### Factual Background

Kirby Inland Marine, L.P., ("Kirby") as the demise bareboat charterer of the T/B KIRBY 7304, filed a petition for exoneration from or limitation of liability on August 27, 2004, as a result of a leakage which occurred in August of 2004 on the Mississippi River near Baton Rouge.

The T/B KIRBY 7304, after having been loaded with cargo, was temporarily moored in tier 5 of the Kirby 225 fleet on the west bank of the Mississippi River near Brusly, Louisiana, while awaiting transport to Deer Park, Texas. On August 26, 2004, Kirby became aware of an alleged leak or escape from the barge. After investigating the matter, Kirby concluded that the "minimal vapors" posed no threat or danger, but may have been released from a pressure relief valve on the barge.[2] Kirby claims that air monitoring after the inci-

---

1. Rec. Doc. No. 56.

2. Rec. Doc. No. 1.

dent showed no signs of adverse levels of vapors on the levee, or in the streets or neighborhoods located near where the barge was moored. It is important to note that this event was publicized by the news media in the East and West Baton Rouge areas.

Kirby filed its petition for exoneration or limitation of liability, and the *ad interim* stipulation and bond for the value of the T/B KIRBY 7304 plus interest, on August 27, 2004.[3] Kirby also filed a notice to claimants of the complaint for exoneration from or limitation of liability. This notice was published in *The Advocate* once a week for four successive weeks prior to the date fixed for the filing of claims. The notice was also published in the *West Side Journal,* as well as the *Riverside Reader.*[4] Several claimants filed claims, and two Motions for Leave to file Additional Claims were filed and granted by the Court allowing individuals to file these claims after the December 31, 2004, deadline.[5] Attorneys for the claimants then filed motions for leave to file third and fourth amended claims, which were subsequently denied by the Magistrate Judge.[6] It is this ruling which is the subject of the pending appeal to the District Court.[7]

Appellants contend on appeal that the magistrate judge's ruling failed to address the fact that this proceeding was pending and undetermined. Therefore, appellants argue that the late claims should be allowed because Kirby will not be prejudiced as a result of the late filing. The claimants also contend that Supplemental Admiralty Rule F(4) merely requires a showing of *cause* to enlarge the time for filing pleadings and that they have established "good cause" based on the lack of statutory notice of the notice for each individual. Finally, appellants argue that the published notice was insufficient to reach those persons whose interests were adversely affected.[8]

In the pleadings filed with the magistrate judge, Kirby argues that it timely filed ample notice as required under Supplemental Rule F(4).[9] Kirby also contends that it mailed notice to all known claimants and to counsel for potential claimants, as well as published notice in three different newspapers for four consecutive weeks. Two of those newspapers are published in West Baton Rouge Parish. Kirby states that it published notice beyond that which is required by law to ensure all potential claimants received adequate notice.[10] Therefore, Kirby argues that it has complied with all requirements of Rule F(4) and the orders of this Court, and "that there is no reason for this Court to permit any late claims."[11]

### Law and Analysis

In determining whether the Magistrate Judge's ruling should be affirmed, it is important for this Court to review the decisions interpreting and the wording of Fed. Rule of Civ. Proc. Supplemental Rule F, which provides the following:

### Rule F    Limitation of Liability

(1) *Time for Filing Complaint: Security.* Not later than six months after his receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court, as provided in sub-

---

**3.**  *Id.*

**4.**  Rec. Doc. No. 25.

**5.**  Rec. Doc. No. 29, 30.

**6.**  Rec. Doc. No. 54.

**7.**  Rec. Doc. No. 56.

**8.**  Rec. Doc. No. 56.

**9.**  Rec. Doc. No. 37.

**10.**  Rec. Doc. No. 51.

**11.**  *Id.*

division (9) of this rule, for limitation of liability pursuant to statute. The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of his interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended....

(2) *Complaint.* The complaint shall set forth the facts on the basis of which the right to limit liability is asserted, and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited....

(4) *Notice to Claimants.* Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. **For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of the claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.**[12]

A review of the jurisprudence reveals that the Fifth Circuit has addressed this Supplemental Rule in several opinions. In *Lloyd's Leasing Limited v. Bates,*[13] several groups of fisherman sought to participate in a limitation of liability proceeding which related to an oil spill in Louisiana. A limitation of liability proceeding had been filed approximately a month after the accident, and the notice was published in area newspapers. Notice was also given to individuals known to have a claim. A group of Vietnamese fishermen attempted to certify the case as a class action, and when the class action motion was denied, they then sought to file late claims. The motion to file the late claims was denied by the district court. The district court also denied a motion for reconsideration. An appeal was then taken to the Fifth Circuit. The Fifth Circuit set forth the following requirements which must be met before the court may grant leave to a party to file a late claim:

> The district court denied a motion to file late claims by a group of Vietnamese fishermen and a group of approximately 240 individuals who claim to be associated with the commercial fishing industry. Supplemental Rule F(4) states that once the vessel owner has complied with certain requirements, the district court "shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims.... [within a certain time period.] For cause shown, the court may enlarge the time within which claims may be filed."[14] ....The decision to deny permission to late filed claims is reviewed under an abuse of discretion standard.[15]

---

12. Fed.R.Civ.P., Supplemental Rule F(4), as cited in Robert Force and Martin J. Norris, *The Law of Maritime Personal Injuries,* § 15:13 (5th Ed.2004).

13. 902 F.2d 368 (5th Cir.1990).

14. *Id.,* citing *Texas Gulf Sulphur v. Blue Stack Towing Co.,* 313 F.2d 359 (5th Cir.1963).

15. *Lloyd's Leasing, supra* note 9, citing *Texas Gulf Sulphur, supra* note 10, at 363.

The reason normally given for not timely filing a claim is **lack of actual notice.** Courts have held that it was an abuse of discretion to deny permission to late file claims when the claimant did not speak the language in which the notice was published or when the notice was not published in the claimant's geographical area.[16]

The Fifth Circuit ultimately found that the district court did not abuse its discretion when it denied the fishermen's motion to file late claims. Relying on another Fifth Circuit case, *Texas Gulf Sulphur v. Blue Stack Towing Co.,*[17] the Fifth Circuit held that " 'relief from a tardy claim is not a matter of right. It depends upon an equitable showing.... The instances in which we can declare that the action is so lacking in reason as to constitute an abuse of discretion will be, as they have seen, rare indeed.' "[18]

The Fifth Circuit reaffirmed the discretion given to district courts on whether to permit late claims in *Odeco Oil and Gas Company, Drilling Division v. Bonnette.*[19] In *Bonnette,* the Fifth Circuit held that it is within the district court's "sound discretion to allow or deny the filing of claims outside the prescribed time period."[20]

The Eastern District of Louisiana has also rendered an opinion which set forth factors which the Court should consider in determining whether or not to permit the filing of a late claim:

The Court should consider: "(1)whether the proceeding is pending and undetermined, (2)whether granting the motion will adversely affect the rights of the parties, and (3)the claimant's reasons for filing late."[21]

The Eastern District, relying on the *Texas Gulf Sulphur*[22] case, concluded that in "[a]pplying equitable principles, late filing is often permitted. Under other circumstances, it is denied."[23]

After considering the facts in the case now pending before the court and the above jurisprudence, this Court finds, as did the Fifth Circuit and the Magistrate Judge, that it is within the court's discretion to allow or disallow the late filing of these claims.

■■■ Magistrate Judge Noland denied the Motions for Leave of Court to File Third and Fourth Amended Claims for Personal Injury and for Punitive Damages and Third and Fourth Amended Answers to Complaint and Limitation filed by the claimants and defendants in limitation. In her ruling the Magistrate Judge found that "Kirby Inland Marine fully complied with all federal and local rule requirements governing the provision of notice and took steps reasonably calculated to provide actual notice of the December 31, 2004, deadline for filing claims to each person known to have made a claim against it...."[24] The Court must review the decision of the Magistrate Judge under an abuse of discretion standard. After reviewing the record and the jurisprudence set forth above, the Court affirms the ruling of the Magistrate Judge. The Court has also independently reviewed this matter on a de novo

---

**16.** [internal citations omitted.] (emphasis added).

**17.** 313 F.2d 359 (5th Cir.1963).

**18.** *Id.,* at 363.

**19.** 74 F.3d 671 (5th Cir.1996).

**20.** *Id.,* citing *Lloyd's, supra* note 9, at 371.

**21.** *In Re: R .& B Falcon Drilling USA, Inc.,* 2003 WL 296535 (E.D.La.2003), citing *Golnoy Barge Co. V. M/T Shinoussa,* 980 F.2d 349, 351 (5th Cir.1993).

**22.** *Texas Gulf Sulphur, supra* note 10.

**23.** *Texas Gulf Sulphur, supra* note 10 at 363.

**24.** Rec. Doc. No. 54.

basis and finds that the motion to file a third and fourth late claim should be denied.

It is clear from the record that Kirby complied with Supplemental Rule F when it filed its limitation of liability in the Middle District of Louisiana on August 27, 2004, shortly after the leaking incident occurred. This Court imposed a December 31, 2004, deadline by which claimants had to file claims pertaining to the limitation action. Kirby also filed notices in three newspapers that are located in the area when the incident occurred and where those persons who were injured, lived or worked were located. These publications included *The Advocate* in Baton Rouge, and two newspapers located on the west side of the Mississippi River, the *West Side Journal* and the *Riverside Reader*.[25] Notice was also mailed to known claimants and to counsel of record. Notice was not mailed to all claimants because the names of all claimants were not specifically known to Kirby at that time.

While the claimants are correct that this case is still "pending and undetermined," the appellants have failed to set forth specific, credible, and sufficient reasons why the claims were sought to be filed late. In fact, some of the claims set forth in the First Amended Claim set forth that "no physical injury" was sustained by several of the named claimants. The Court believes it would set a bad precedent, particularly in a case that was well publicized as this, to allow a person to delay filing a claim until that claimant can "realize" that the individual has sustained an injury. The Court granted the claimants and their attorneys adequate time to file their initial complaint. The Court also allowed an amended claim to be filed. After reviewing the record, the Court finds that there was more than adequate time provided by the Court to allow any claimant who wished to file a claim to do so within the original time permitted by the Court or in the amended claim allowed by the Court. Because the notice given by Kirby was proper and complied with Rule F, and the time provided by the Court was adequate under the facts of this case, the Magistrate Judge's ruling was correct under the law and facts of this case and the clear provisions of Supplemental Rule F.

THEREFORE:

IT IS ORDERED that the decision of the Magistrate Judge which denied the claimants' Third and Fourth Amended Claim is hereby AFFIRMED.