# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 4, 2013

Lyle W. Cayce
Clerk

No. 12-30607
Summary Calendar

In Re: In the Matter of the Complaint of Blessey Enterprises, Incorporated, Owner of the M/V Charles Clark, and Blessey Marine Services, Incorporated, Owner of the M/V Charles Clark, for Exoneration from or Limitation of Liability

BLESSEY ENTERPRISES, INCORPORATED, et al

Petitioner

v.

WILLIE SIMMONS, et al

Claimants

------------------------------------------------------------------------------------

In Re: In the Matter of the Complaint of M&P Barge Company, Incorporated, Owner of the M/V Helen G. Calyx, for Exoneration from or Limitation of Liability

M&P BARGE COMPANY, INCORPORATED,

Petitioner-Appellee

v.

MIDSHIP MARINE, INCORPORATED,

Claimant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-235

No. 12-30607

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Midship Marine, Incorporated appeals following the district court's order permitting voluntary dismissal of M&P Barge Company's limitation action.[1] Essentially for the reasons given by the district court, we AFFIRM.

Pursuant to the Limited Liability Act ("Limitation Act"), a shipowner facing potential liability from an accident at sea has the right to petition the federal district court to limit its liability to the value of the vessel and the pending freight. 46 U.S.C. §§ 30505, 30511; *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). M&P Barge Co., as owner of the HELEN CALYX, filed such a petition after its vessel collided with another vessel, which resulted in personal injuries to the vessel's passengers. Midship Marine, which built the HELEN CALYX, filed an answer in the limitation action and sought indemnification and contribution because it was also named as a defendant in several suits brought by passengers. M&P Barge settled all of the personal injury suits filed against it and then sought voluntary dismissal of the limitation action. Midship Marine, which settled all but one of the suits filed against it (the Dupont suit[2]), objected to the dismissal on the ground that the federal court has exclusive jurisdiction to adjudicate its claim in the limitation action. The district court granted dismissal of M&P Barge's action but without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although the district court's order also permitted voluntary dismissal of a limitation action by Blessy Enterprises, Inc., Midship Marine has not contested that portion of the order.

[2] The plaintiffs in the Dupont suit settled their claims against M&P Barge, agreed to indemnify the shipowner from claims for indemnity or contribution, and reserved their right to sue Midship Marine.

No. 12-30607

prejudice to Midship Marine's claims for indemnification and contribution. Midship Marine now appeals.

We review jurisdictional issues de novo. *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). Motions for voluntary dismissal in federal court generally "should be freely granted unless the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002); *see also* FED. R. CIV. P. 41(a)(2). Midship Marine contends that the district court's dismissal of the limitation action was erroneous because Midship Marine had already filed an answer and a claim for indemnity and contribution, and the federal district court is the exclusive forum for adjudicating claims brought by a limitation claimant.

It is true that parties seeking indemnity or contribution from a shipowner are considered claimants under the Limitation Act, and the federal court is the usual forum where such claims are adjudicated absent unanimous consent from all claimants. *See Odeco*, 74 F.3d at 675. But the purpose of the Limitation Act is to protect the shipowner, who has an absolute right to limit his or her liability, *id.* at 674, and to consolidate all actions against the owner into a single case where all claims may be disposed of simultaneously. *Karim v. Finch Shipping Co.*, 265 F.3d 258, 264 (5th Cir. 2001). Here, all claims against the shipowner arising from the accident and for which the owner would seek to limit its liability have been settled.

Midship Marine has a claim for indemnification and contribution because of claims against it in the Dupont suit, but M&P Barge "is not 'required' to take advantage of" the Limitation Act's protection with respect to that claim. *Karim*, 265 F.3d at 265 n.10. As the district court found, M&P Barge has given up its right to seek limitation of liability for any claim by Midship Marine. Midship Marine's citation to *Karim* is not to the contrary.

3

No. 12-30607

In that case, an injured seaman brought claims against his vessel, and the vessel owner sought to limit its liability in a limitation action. *Id.* at 261. The vessel owner later sought voluntary dismissal after the seaman's separate state suit was dismissed for lack of jurisdiction. *Id.* at 262. The district court denied the motion. *Id.* We affirmed, but in that case the seaman had initiated claims for his injuries in the limitation action, *id.* at 261, and the vessel owner sought dismissal based on the district court's alleged lack of in personam jurisdiction. *See id.* at 268. We held that the vessel owner could not be permitted to simply abandon the limitation action after having invoked the federal court's jurisdiction and the protections of the Limitation Act.[3] *See id.* at 265, 268 & n.13. *Karim* is inapposite. Here, M&P Barge, unlike the vessel owner in *Karim*, initiated the limitation action because of personal injury claims that have now all been resolved. Midship Marine's claim against M&P Barge is a garden variety claim for indemnity and contribution arising from the separate Dupont suit against Midship Marine. As the district court held, whatever claims for indemnity or contribution that Midship Marine may have against M&P Barge may be asserted in that state court suit. Under the circumstances, we perceive no error by the district court.

AFFIRMED.

---

[3] More specifically, the vessel owner's actions that we found objectionable were as follows:

> In sum, we are faced with a situation in which [the vessel owner] filed a limitation proceeding and placed the res in the hands of the court, let the proceeding pend for four years, made use of the concursus and monition, utilized the district court for its own interests by, for example, attempting to maintain a multi-claimant action by itself filing claims against other parties and opposing Karim's access to other courts, and then after the vessel was sold (and the company defunct), filed a motion to dismiss the limitation action on the basis of personal jurisdiction and forum non conveniens.

*Karim*, 265 F.3d at 268 (footnote omitted).