# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2020

Lyle W. Cayce
Clerk

No. 19-30920

---

In re: In the Matter of the Complaint of Devall Towing
& Boat Service of Hackberry, L.L.C., as Owner and
Operator of the M/V Kenneth J. Devall, for
Exoneration from or Limitation of Liability

Devall Towing & Boat Service of Hackberry, L.L.C., as
Owner and Operator of the M/V Kenneth J. Devall,

*Plaintiff—Appellant*,

*versus*

Jason Charles Lanclos,

*Defendant—Appellee*,

--------------------------------------------------------------

In re: In the Matter of the Complaint of Deloach
Marine Services, L.L.C., as owner pro hac vice and
operator of M/V Zeland M. Deloach, Jr., for
Exoneration from or Limitation of Liability

Deloach Marine Services, L.L.C., as owner pro hac vice
and operator of M/V Zeland M. Deloach, Jr.,

*Plaintiff—Appellant*,

*versus*

DEVALL TOWING & BOAT SERVICE OF HACKBERRY, L.L.C., AS
OWNER AND OPERATOR OF THE M/V KENNETH J. DEVALL,

*Defendant—Appellant*,

*versus*

JASON CHARLES LANCLOS,

*Defendant—Appellee*.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CV-752 c/w 6:19-CV-535

Before BARKSDALE, ELROD, and HO, *Circuit Judges*.

PER CURIAM:*

In this interlocutory appeal, Devall Towing & Boat Service of Hackberry, L.L.C. and Deloach Marine Service, L.L.C. challenge the district court's revised order partially lifting its stay of Jason Lanclos's suit against them in Louisiana state court.

Lanclos worked as a deckhand aboard the M/V KENNETH J. DEVALL, a vessel owned by Devall Towing. While assisting the M/V ZELAND M. DELOACH, JR. break its tow, Lanclos was injured by a falling pipe. After receiving notice of Lanclos's intent to sue, both Lanclos's employer, Devall Towing, and the owner of the vessel where the injury occurred, Deloach Marine, filed complaints in federal district court to limit their liability to the value of their vessels under the Limitation Act,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

46 U.S.C. § 30501 *et seq.* Devall Towing responded to Deloach Marine's complaint with claims of contribution, indemnification, and reimbursement. Between the time Devall Towing and Deloach Marine filed complaints to limit their liability, Lanclos sued both companies in Louisiana state court.

The district court entered an order pursuant to Supplemental Rule of Civil Procedure F(3) restraining prosecution of all claims against Devall Towing and Deloach Marine—thus putting a stop to Lanclos's state court suit. Lanclos moved to lift the stay, stipulating that he would not seek to enforce any judgment in excess of the value of the limitation fund or assert res judicata. Devall Towing, however, did not agree to any protective stipulations and opposed Lanclos's motion. The district court granted a hearing on Lanclos's motion.

At the hearing, the district court was initially inclined to deny Lanclos's motion. Under our precedent, when one or more claimants do not agree to a protective stipulation, a stay must be kept in place to protect the shipowner's right to have limitation of liability adjudicated in federal court. But the district court saw two legal principles in apparent conflict: First, "a vessel owner is entitled to have a federal judge, not a jury, but a judge in federal court determine the limitation issues." Second, under the "saving to suitors" clause, 28 U.S.C. § 1333(1), "the plaintiff himself should be able to pursue his claim in the venue of his choice, whether that be state court or federal court."

To resolve this apparent conflict, the district court adopted an admittedly novel approach, noting, "I understand what I'm suggesting has not been done, I think." The district court entered a Revised Order Restraining Prosecution of Claims, explaining that it intended to "accomplish what would be accomplished by a stipulation, and I would accomplish it by just my injunction." The Revised Order enjoined all parties

from prosecuting claims, yet allowed the parties "to proceed with discovery, pretrial matters, and trial on the merits in the matter filed in Cameron Parish [Louisiana state court]." Additionally, the Revised Order enjoined the parties from enforcing any judgment rendered by the state court—either in federal or state court—and from asserting res judicata or issue preclusion. As the district court put it, the effect of the injunction is that "whatever happens in Cameron Parish is not binding on the court here." Devall Towing and Deloach Marine appealed.

We review a district court's decision to lift a stay in a maritime limitation of liability action for abuse of discretion. *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996).

The Limitation Act allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel and its pending freight or the owner's interest in the vessel and its pending freight. 46 U.S.C. § 30505. Federal courts have exclusive jurisdiction over suits brought under the Limitation Act, "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). There is tension between the "saving to suitors" clause and the Limitation Act: "[T]he former affords suitors a choice of remedies, while the latter gives shipowners the right to seek limitation of their liability exclusively in federal court." *In re Tetra Applied Techs., L.P.*, 362 F.3d 338, 340 (5th Cir. 2004). While "[t]he court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum," *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992), there are two instances in which a district court has discretion to lift a stay and allow claims to proceed outside the limitation action: "(1) [W]hen the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has

exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court." *Odeco*, 74 F.3d at 674.

Devall Towing is a claimant against Deloach Marine. *See id.* at 675 ("[P]arties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act."). But Devall Towing never agreed to any protective stipulations. So this case does not satisfy either of the exceptions mentioned above. Thus, there is no exception to the Limitation Act's command that "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c); *see also* FED. SUPP. R. CIV. P. F(3) (providing that upon proper application, "the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action").

Yet the Revised Order did not enjoin all claims. Rather, it made an exception to its general injunction of all claims that specifically authorized the Louisiana state court action—in which Devall Towing and Deloach Marine are parties—to proceed. It also enjoins the parties from asserting res judicata, issue preclusion, or enforcing any state court judgment—contradicting the Limitation Act's mandatory all-or-nothing approach to enjoining prosecution of claims. *See* 46 U.S.C. § 30511(c) (requiring that "*all* claims and proceedings" be enjoined) (emphasis added).

Lanclos unsuccessfully looks elsewhere to justify the Revised Order. Other than the two narrow instances in which a district court may properly lift a stay, he argues, "the district court still retains broad discretion to terminate or modify an injunction in a limitation proceeding." He locates the source of this broad discretion in *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S.

438 (2001). Under *Lewis*, a district court may dissolve an injunction in a limitation proceeding when it "satisfies itself that a vessel owner's right to seek limitation will be protected." *Id.* at 454. But *Lewis* never held that a district court has broad discretion to force parties into the position they would be in if they had stipulated. To the contrary, our precedent is clear that "[a] district court abuse[s] its discretion in allowing the state court action to proceed in the absence of a stipulation, agreed to by all claimants, protecting [the shipowner's] right to limitation." *Odeco*, 74 F.3d at 675; *see also In re Port Arthur Towing Co.*, 42 F.3d 312, 317 (5th Cir. 1995) ("Clearly, then, the trial court would have abused its discretion had it lifted its earlier order staying [a claimant's] state court proceeding.").

Discretion to lift a stay when all claimants submit the necessary stipulations does not mean discretion to impose those stipulations by injunction. When neither of the two narrow exceptions apply, "[t]he shipowner's right to limitation takes precedence over the claimant's rights to proceed in the forum of their choice" and the district court is bound by the Limitation Act's mandate to stay all proceedings. *Odeco*, 74 F.3d at 675.

We VACATE the district court's Revised Order and REMAND for further proceedings.